### SHOENTERPRISE CORPORATION v. J. E. WILLINGHAM

(Filed 31 October 1962.)

**Bills and Notes § 15;　Limitation of Actions § 4—**

Where the holder of a note exercises the acceleration clause therein contained by instituting an action against two of the comakers on the note for the entire indebtedness after default in the payment of an installment, the exercise of the acceleration clause is effective as to a third comaker, even though he is not made a party to the action, and action on the note against the third comaker is barred after the elapse of more than three years from the exercise of the acceleration clause, the note not being under seal.

APPEAL by defendant from *Martin, Special Judge,* March Term 1962 of BUNCOMBE.

Civil action instituted December 7, 1960, in the General County Court of Buncombe County in which plaintiff, a corporation, seeks to recover the amount due and owing on a certain promissory note, to wit:

"$10,014.58　　　　　　　　　　　　　　　　　May 10, 1955

"For value received, I promise to pay to the order of SHOEN-TERPRISE CORPORATION Ten Thousand Fourteen and 58/100 Dollars in installments, in the amounts and at or before the times stated in the Schedule of Payments hereon, with interest on the sums remaining from time to time unpaid at the rate of 6% per cent per annum, payable semi-annually with said installments.

"Should any of the principal or interest not be paid when due, such default shall, at the option of the legal holder hereof, cause all sums then remaining unpaid to become immediately due and payable, without notice. The makers, endorsers and guarantors of this note agree to pay a reasonable collection or attorney's fee if suit is brought hereon, or said note is placed in a collector's hands, when in default; and hereby waive presentment for payment, notice of non-payment, protest and notice of protest, and diligence in bringing suit against any party thereto, and consent that time of payment may be extended without notice.

　　　　　　　　　　　　　　　　　G. C. BUTLER
　　　　　　　　　　　　　　　　　W. H. BUTLER
　　　　　　　　　　　　　　　　　J. E. WILLINGHAM

No. _____
"SCHEDULE OF PAYMENTS:
$2,002.90 one year　　after　date
　2,002.90 two years　　″　　″
　2,002.90 three years　″　　″

2,002.90 four years      "      "
2,002.98 five years      "      "  "

The only defense asserted by defendant is that plaintiff's action is barred by the three-year statute of limitations. Defendant alleged that plaintiff on or before June 20, 1957, exercising its option to do so, had declared the entire principal balance to be immediately due and payable.

The case was heard, without a jury, in said General County Court by his Honor, Burgin Pennell, the presiding judge. The judgment, which sets forth the court's findings of fact (based on stipulated facts) and conclusions of law, provides:

" . . . the Court finds the following facts:

"1. That on or about May 10, 1955 the defendant, J. E. WILLINGHAM, G. C. BUTLER and W. H. BUTLER, jointly and severally, and as comakers, executed and delivered to SHOENTERPRISE CORPORATION, the plaintiff in this action, their promissory note bearing said date, in the amount of $10,014.58, according to an exact copy of said note, which is attached to the complaint in this action.

"2. That plaintiff, SHOENTERPRISE CORPORATION, is now the owner and holder of said note.

"3. That on or about June 20, 1957, plaintiff in this action, SHOENTERPRISE CORPORATION, instituted suit against G. C. BUTLER and W. H. BUTLER in the Chancery Court at Nashville, Tenn. to recover the sum of $10,014.58, the principal amount of said note, together with interest thereon from May 10, 1956. J. E. WILLINGHAM was not named as a party-defendant in that action, was not served with process, and did not appear in the Tennessee action against G. C. BUTLER and W. H. BUTLER.

"4. That the action instituted by plaintiff, *SHOENTERPRISE CORPORATION v. G. C. BUTLER and W. H. BUTLER* in the Chancery Court in Nashville, Tennessee, terminated in the judgment for Shoenterprise Corporation against the said G. C. Butler and W. H. Butler in the amount of $10,014.58, together with interest, a reasonable attorney's fee and court costs.

"5. That no payments of interest or principal on said note have ever been made to plaintiff except for payment of interest on December 14, 1955 in the amount of $300.44, and a payment of interest on May 11, 1956 in the amount of $300.44.

"6. That said judgment rendered in the Chancery Court at Nashville, Tennessee, against G. C. Butler and W. H. Butler remains wholly unpaid; that the said G. C. Butler is insolvent and not possessed of assets over and above his legal exemptions, and the said

W. H. Butler discharged his obligation to pay said judgment by filing an Involuntary Bankruptcy Petition in the United States District Court in Nashville, Tennessee, wherein he obtained a discharge in bankruptcy relieving him of the payment of his debts including his obligation under the terms of said promissory note and the judgment rendered thereon which formed the basis of the above action in the Chancery Court at Nashville, Tennessee.

"7. That the action of *SHOENTERPRISE CORPORATION, plaintiff, v. J. E. WILLINGHAM, defendant,* was duly instituted in the General County Court of Buncombe County, N. C. on the 7th day of December 1960, and on or about said date copy of summons and complaint was served on said defendant.

"8. That defendant, J. E. WILLINGHAM, filed Answer to plaintiff's complaint on the 14th day of January 1961.

"9. That the General County Court of Buncombe County, N. C. has jurisdiction of the parties and the cause of action set forth in the complaint and answer.

"10. That the promissory note referred to in Finding of Fact #1 hereof is not under seal and is payable in installments, as follows:

$2,002.90 on May 10, 1956
 2,002.90 on May 10, 1957
 2,002.90 on May 10, 1958
 2,002.90 on May 10, 1959
 2,002.98 on May 10, 1960

"11. That prior to the institution of this action, plaintiff demanded of defendant the payment of the full amount of said promissory note with interest, at which time all of said annual installments were in default. That said demand was refused by the defendant.

"12. That the installments on said promissory note in the amount of $2,002.90 each, which became due on May 10, 1956, and May 10, 1957, respectively, are barred by the Statute of Limitations, to wit: N. C. General Statutes 1-52(1).

"Upon the foregoing Findings of Fact, the Court CONCLUDES AND ADJUDGES, as a matter of law, as follows:

"1. That the plaintiff was not required, in the Tennessee action specifically referred to in Finding of Fact #3, to sue all of the makers of the promissory note for that the holder of a promissory note may sue one or all persons who are severally liable.

"2. That the installments on said promissory note in the amount of $2,002.90 each, which became due on May 10, 1956, and May 10, 1957, are barred by the Statute of Limitations, to wit: N. C. General Statutes 1-52(1).

"3. That said Judgment obtained by plaintiff in the courts of the State of Tennessee not having been satisfied does not constitute an extinguishment as between plaintiff and defendant of said promissory note which is the subject matter of this action.

"4. That the plaintiff is entitled to recover of the defendant the three last maturing installments of said promissory note which are not barred by N. C. General Statutes 1-52(1), aggregating $6,008.78, with interest on the same at the rate of 6% per annum from May, 10, 1956 until paid, together with the costs of this action."

Defendant excepted to conclusions of law and to the signing of said judgment and appealed to the Superior Court of Buncombe County.

In the superior court, Judge Martin overruled each of defendant's assignments of error and affirmed the judgment of said general county court. Defendant excepted to Judge Martin's judgment and appeals therefrom.

*Lee, Lee & Cogburn for plaintiff appellee.*
*Adams & Adams and William F. P. Coxe, Jr., for defendant appellant.*

BOBBITT, J.    Defendant's appeal relates solely to the last three installments which, according to the "Schedule of Payments," were to become due May 10, 1958, May 10, 1959, and May 10, 1960. Defendant contends plaintiff's action is also barred as to these three installments because plaintiff, by the exercise on June 20, 1957, of its acceleration option, caused the entire unpaid indebtedness evidenced by said note to become immediately due and payable.

". . . where there is an acceleration clause giving the creditor the right upon certain contingencies to declare the whole sum due, the statute begins to run, only with respect to each installment, at the time the installment becomes due, unless the creditor exercises his option to declare the whole indebtedness due, in which case the statute begins to run from the date of the exercise of his option." 34 Am. Jur., Limitation of Actions § 142; 54 C.J.S., Limitations of Actions § 150.

"It appears to be well settled that a provision in a bill or note accelerating the maturity thereof on nonpayment of interest or installments, or other default, at the option of the holder, requires some affirmative action on the part of the holder, evidencing his election to take advantage of the accelerating provision, and that until such action has been taken the provision has no operation. In other words, some positive action on the part of the holder is an essential condition for the exercise of his option and a mere mental intention to de-

clare the full amount due is not sufficient." Annotation, 5 A.L.R. 2d 968, 970. This rule requires objective evidence of an election to exercise the option.

"The institution of a suit for the whole debt is, of course, the most solemn form in which the holder can exercise his option." 5 A.L.R. 2d 968, 975; *Barbee v. Scoggins,* 121 N.C. 135, 28 S.E. 259. Unquestionably, the Tennessee action by plaintiff against G. C. Butler and W. H. Butler to recover the whole debt evidenced by said note constituted, as between plaintiff and the Butlers, an exercise by plaintiff of its option and caused "all sums then remaining unpaid to become immediately due and payable." Even so, plaintiff contends it exercised its option to accelerate only as to the Butlers and not as to defendant. The question presented appears to be one of first impression in this jurisdiction and elsewhere. No case involving an analogous factual situation has been discovered by our research or by that of counsel.

The note sued on herein evidenced a single debt. The three comakers, the Butlers and defendant, became jointly and severally obligated for the payment thereof. Daniel on Negotiable Instruments, Seventh Edition, Vol. 1, § 109; G.S. 25-23(7). The acceleration clause relates to the debt. Whatever the maturity date, it was the same for all comakers. The acceleration clause did not contemplate an exercise of the option by the legal holder as to two comakers but not as to all. Affirmative action constituting an election by the legal holder to accelerate the maturity as to two comakers accelerated the maturity in like manner as to all comakers.

We are of opinion, and so decide, that plaintiff exercised its acceleration option as to defendant as well as to the Butlers on June 20, 1957, by the institution of said Tennessee action against the Butlers. Thus, the entire indebtedness of defendant to plaintiff became due on June 20, 1957, more than three years prior to the date this action was commenced, and plaintiff's action in respect of the entire indebtedness evidenced by said note is barred by the three-year statute of limitations. For the error indicated, the judgment of the court below is vacated and the cause is remanded for judgment in accordance with the law as stated herein.

Error and remanded.