IN THE MATTER OF: THE FORECLOSURE OF THE DEED OF TRUST FROM
    LAKE TOWNSEND AVIATION, INC. TO W. SCOTT BRANNAN,
    SUBSTITUTE TRUSTEE RECORDED IN DEED OF TRUST BOOK 2416,
    PAGE 14 IN THE OFFICE OF THE REGISTER OF DEEDS OF GUILFORD
    COUNTY, NORTH CAROLINA

IN THE MATTER OF: THE FORECLOSURE OF THE DEED OF TRUST FROM LAKE TOWN-
    SEND AVIATION, INC. TO W. SCOTT BRANNAN, SUBSTITUTE TRUSTEE RECORDED IN
    DEED OF TRUST BOOK 2487, PAGE 187, IN THE OFFICE OF THE REGISTER OF DEEDS
    OF GUILFORD COUNTY, NORTH CAROLINA

Nos. 8718SC66
8718SC69

(Filed 3 November 1987)

1. **Mortgages and Deeds of Trust § 21— foreclosure action—statute of limitations
   —time lapse and actual possession**

   In order for foreclosure of a mortgage or deed of trust to be barred under
   N.C.G.S. § 1-47(3), two events must occur: (1) the lapse of ten years after the
   forfeiture or after the power of sale became absolute or after the last pay-
   ment, and (2) actual possession by the mortgagor during the entire ten-year
   period.

2. **Mortgages and Deeds of Trust § 21— foreclosure statute of limitations—subse-
   quent purchasers**

   The protection offered by the ten-year statute of limitations of N.C.G.S.
   § 1-47(3) is not limited to the original mortgagor or grantor but also extends to
   subsequent purchasers.

3. **Mortgages and Deeds of Trust § 21— foreclosure—statute of limitations—ac-
   tual possession**

   Where an action to foreclose a deed of trust was brought more than ten
   years after the note became due, foreclosure would be barred under N.C.G.S.
   § 1-47(3) if the trial court should find that a purchaser of the property was in
   actual possession of the land for the requisite ten-year period.

4. **Mortgages and Deeds of Trust § 21— foreclosure—statute of limitations—ac-
   celeration clause not exercised**

   An action to foreclose a deed of trust was not barred by N.C.G.S. § 1-47(3)
   where the foreclosure cause of action accrued on 1 June 1976, the day the last
   payment on the note was due, and plaintiff initiated foreclosure proceedings on
   11 March 1986, which was within the ten-year limitations period. Two collec-
   tion letters sent to the debtor did not constitute an exercise of the note's ac-
   celeration clause so as to begin the running of the statute of limitations prior
   to the time the final payment was due.

APPEAL by respondent, Aero Associates, from *Albright,
Judge.* Orders entered 17 September 1986 in Superior Court,
GUILFORD County. Heard in the Court of Appeals 25 August 1987.

*Max D. Ballinger for Aero Associates, Limited, appellant.*

*Tuggle, Duggins, Meschan & Elrod by David F. Meschan, Paul M. Dennis, Jr., and Harold A. Lloyd for appellee.*

COZORT, Judge.

Respondent appeals from two orders authorizing foreclosure under two deeds of trust. The two proceedings have been consolidated for opinion. We remand for additional findings by the trial court on the foreclosure under the first deed of trust, and we affirm the foreclosure under the second deed of trust.

On 22 January 1969, Lake Townsend Aviation, Inc. (Lake Townsend), executed an $8,000 note payable to James H. Williams. The note was secured by a deed of trust on a tract of property owned by Lake Townsend. The terms of the note, which were incorporated by reference into the deed of trust, required payment in six months, or on 22 July 1969. However, Lake Townsend never made any payments on this note.

On 22 May 1970, Lake Townsend executed a $12,000 note payable to James H. Williams. This note was also secured by a deed of trust on the same tract of land. The terms of repayment, as set forth in the note and incorporated by reference into the deed of trust, provided that Lake Townsend would repay the sum of $12,000 at the rate of six percent per annum as follows:

> Interest on the unpaid balance at the rate hereinafter specified shall be paid on the 1st day of June, 1971.
>
> The sum of $232.00 shall be paid on the 1st day of July, 1971, and a like amount on the first day of each month thereafter, until both principal and interest are fully paid; said payments to be applied first to interest on the unpaid balance and the residue in reduction of the principal sum.
>
> If any payment of principal or interest, or any part of either, shall not be paid within ten (10) days after the same is due, the holder of this Note may declare the entire sum due and payable . . . .

Under these terms, the last payment on the note was due 1 June 1976. However, Lake Townsend never made any payments on this note.

In re Foreclosure of Lake Townsend Aviation

On 16 March 1972, Aero Associates, Limited (Aero), purchased from Lake Townsend the tract of property subject to the aforementioned deeds of trust. Lake Townsend, however, failed to inform Aero that the tract was subject to the deeds of trust, and the deeds of trust were not recited in the deed from Lake Townsend to Aero.

On 25 September 1973, Williams' attorney wrote Lake Townsend and demanded that it begin payment on the $12,000 note. The letter further stated:

Unless a satisfactory reply is received by 15 October, Mr. Williams will have no choice but to declare the entire balance of the note due and to proceed with a foreclosure of the Deed of Trust.

Lake Townsend never responded to this letter, and on 23 August 1974, Williams had his attorney write Lake Townsend again to demand payment of the $12,000 note. This letter stated:

Unless satisfactory arrangements are made to settle this obligation by Friday, 30 August, foreclosure proceedings will be instituted on that date.

Lake Townsend never responded to this letter and never made any payment on the note.

On 22 January 1986, Aero received a letter from Williams' attorney informing Aero that Williams was the holder of two notes secured by deeds of trust on the land Aero had purchased from Lake Townsend. The letter demanded that Aero pay the $20,000 due on the two notes, plus interest, or Williams would initiate foreclosure proceedings. Aero never made any payments on either note, and on 11 March 1986 the substitute trustee under the deeds of trust filed a Petition For Authorization To Foreclose On Real Property. Aero responded by filing a motion to dismiss the petition on the grounds that foreclosure under both deeds of trust was barred by the statute of limitations.

After a hearing, the clerk of superior court ruled: (1) that foreclosure under the first deed of trust was barred by the statute of limitations; and (2) that the foreclosure under the second deed of trust could proceed. Both Williams and Aero appealed. Superior Court Judge W. Douglas Albright entered orders allowing the foreclosure under each deed of trust to proceed. From those two orders, Aero appeals.

N.C. Gen. Stat. § 45-21.12(a) provides:

Except as provided in subsection (b), no person shall exercise any power of sale contained in any mortgage or deed of trust, or provided by statute, when an action to foreclose the mortgage or deed of trust, is barred by the statute of limitations.

The applicable statute of limitations for foreclosure proceedings is N.C. Gen. Stat. § 1-47(3), which provides that an action must be commenced within ten years:

For the foreclosure of a mortgage, or deed in trust for creditors with a power of sale, of real property, where the mortgagor or grantor has been in possession of the property, within ten years after forfeiture of the mortgage, or after the power of sale became absolute, or within ten years after the last payment on the same.

[1] In order for a foreclosure to be barred under this section, two events must occur: (1) the lapse of ten years after the forfeiture or after the power of sale became absolute or after the last payment, and (2) the possession of the mortgagor during the entire ten-year period. These two requirements must be coexistent. *Ownbey v. Parkway Properties, Inc.*, 222 N.C. 54, 56, 21 S.E. 2d 900, 901 (1942). In addition, possession for the ten-year period must be *actual* possession. *Id.*

In the first deed of trust, the time lapse requirement of N.C. Gen. Stat. § 1-47(3) has been satisfied. The cause of action for foreclosure under this deed of trust accrued on 22 July 1969, the day the $8,000 note became due. Under the provisions of N.C. Gen. Stat. § 1-47(3), the noteholder had an outside time limit of 10 years, or until 22 July 1979, in which to bring an action to foreclose on the property. The noteholder, however, did not institute his action for foreclosure until 11 March 1986, nearly seven years after the statute of limitations had run. Therefore, the requirement as to lapse of time has been met.

[2] Williams, the noteholder, argues, however, that the second requirement of N.C. Gen. Stat. § 1-47(3) has not been satisfied, because that statute protects only the original mortgagor or grantor, not subsequent purchasers. A purchaser of land, however, acquires all the rights, titles and equities of its grantor. *Pearce v. Watkins*, 219 N.C. 636, 14 S.E. 2d 653 (1941). When a purchaser acquires land which is subject to a deed of trust, he

In re Foreclosure of Lake Townsend Aviation

also acquires the mortgagor/grantor's equity of redemption in the land. A purchaser of the equity of redemption is entitled to all of the defenses available to the mortgagor, including the defense that foreclosure is barred by the ten-year statute of limitations set forth in the Code, § 152, subsection 3 (now N.C. Gen. Stat. § 1-47(3) ). *Stancill v. Spain,* 133 N.C. 76, 79-80, 45 S.E. 466, 467 (1903). Therefore, we hold that the protection offered by N.C. Gen. Stat. § 1-47(3) is not limited to the original mortgagor or grantor, but also extends to subsequent purchasers. Construing the statute in this manner is in no way detrimental to the mortgagee. The mortgagee still has ten years to bring an action for foreclosure, regardless of who owns the land.

[3] In the case *sub judice,* however, there is no evidence that Aero was in *actual* possession of the land for the requisite ten-year period. Therefore, we are unable to determine whether the second requirement of N.C. Gen. Stat. § 1-47(3) has been satisfied. Accordingly, we remand to the trial court for further findings on the issue of actual possession. Should the trial court find that Aero was in actual possession of the land for ten years before this action was initiated, it must hold that foreclosure is barred pursuant to N.C. Gen. Stat. § 1-47(3). If, however, Aero was not in actual possession for the ten-year period, then the proposed foreclosure would not be barred by the statute.

[4] As to the second deed of trust, the time lapse requirement of N.C. Gen. Stat. § 1-47(3) has not been satisfied. The cause of action for foreclosure under this deed of trust accrued on 1 June 1976, the date the last payment on the $12,000 note was due. Williams had ten years from that date, or until 1 June 1986, to bring a foreclosure action. Since Williams initiated foreclosure proceedings on 11 March 1986, the action was filed within the limitations period.

Aero argues that Williams' collection letters, dated 25 September 1973 and 23 August 1974, accelerated the maturity of the note, so that the power of sale became absolute and the statute of limitations began to run on one of these two dates. Since foreclosure proceedings were not initiated until 11 March 1986, Aero contends that the ten-year statute of limitations had already passed. We disagree.

The terms of repayment of the $12,000 note, as set forth in the note and incorporated by reference into the Deed of Trust provided that:

> If any payment of principal or interest, or any part of either, shall not be paid within ten (10) days after the sum is due, the holder of this Note may declare the entire sum due and payable.

Since no payments were ever made on the principal or interest by Lake Townsend or anyone else, Williams had the right to accelerate payment on the entire amount of the note. We find that Williams never exercised this right.

Neither of the two collection letters sent by Williams' attorney contained any provision accelerating the maturity of the note, nor did they contain a demand for payment in full. The first letter merely requested that Lake Townsend begin payment, and the second letter requested that it make satisfactory payment arrangements. Since neither of these letters was an exercise of the note's acceleration clause, the statute of limitations did not begin to run until 1 June 1976, the day the last payment on the $12,000 note was due. Because foreclosure proceedings were initiated on 11 March 1986, within the ten-year statute of limitations, N.C. Gen. Stat. § 1-47(3) will not bar this action.

Having determined that the time lapse requirement of N.C. Gen. Stat. § 1-47(3) has not been met, the issue of actual possession for the ten-year period is irrelevant.

Based on the foregoing, we hold that the trial court was correct in allowing foreclosure to proceed on the $12,000 note.

In summary, in case No. 8718SC66, the order is vacated and the cause remanded for further proceedings; in case No. 8718SC69, the order is affirmed.

Affirmed in part, vacated and remanded in part.

Judges BECTON and MARTIN concur.