ANTON A. VREEDE, M.D., P.C., EMPLOYEES' PENSION PLAN, A/K/A EMPLOYEES' PENSION TRUST, PLAINTIFF/APPELLEE v. RICHARD G. KOCH AND CHRISTINE KOCH, DEFENDANTS/APPELLANTS

No. 8810SC871

(Filed 5 July 1989)

1. **Bills and Notes § 13— acceleration clause—demand for payment—not sufficient to invoke**

In an action to collect unpaid principal and interest on a note which defendants personally guaranteed, plaintiff's demand for payment in July of 1983 was not sufficient to invoke an acceleration clause and did not operate to start the statute of limitations period running.

2. **Limitation of Actions § 4.4— installment debt—limitations period—began running from date final performance due**

An action for the entire unpaid principal and interest due on a debt that defendants guaranteed was not barred under the three year statute of limitations of N.C.G.S. § 1-52(3) where the suit was filed within three years of the date upon which the final performance was due. There was no evidence that plaintiff treated defendants' failure to pay as a total repudiation of the contract so that future performance was still pos-

. VREEDE v. KOCH

[94 N.C. App. 524 (1989)]

sible, and continued performance was possible under the terms of the contract.

**3. Usury § 3 — corporate debt — guaranteed by individuals — defense of usury not available to guarantors**

The defense of usury was unavailable to defendants in an action in which plaintiffs sought to collect unpaid principal and interest on a debt defendants personally guaranteed. The defense of usury cannot be interposed by a corporation; RKC, which executed the note, is unquestionably a corporation and defendants as guarantors are attempting to claim a defense that is unavailable to the debtor corporation. N.C.G.S. § 24-9.

APPEAL by defendants from Judgment of *Judge D. M. McLelland* entered 25 March 1988 in WAKE County Superior Court. Heard in the Court of Appeals 15 March 1989.

*Smith, Debnam, Hibbert & Pahl, by Vickie Winn Martin, for plaintiff appellee.*

*Randolph Riley for defendant appellants.*

COZORT, Judge.

Plaintiff sued defendants to collect unpaid principal and interest due on a debt that defendants personally guaranteed. Defendants answered claiming in part that plaintiff's suit was barred by the statute of limitations. The trial court granted plaintiff's summary judgment motion. Defendants appeal. We affirm. The facts follow.

On 20 October 1978, plaintiff loaned $15,000 to R. K. Consulting Ltd. (RKC), a New York corporation. The note provided for RKC to make monthly installment payments of $165.81 from 1 December 1978 until all principal and interest were paid in full. The note also provided for a one time "balloon payment" of $5,000 due on 31 December 1979. The note expressly provided as follows: "Notwithstanding the foregoing [installment provisions], any unpaid balance, including any unpaid interest, shall be due and payable on the first day of October 1985." The note contained an acceleration clause which provided: "The whole of the principal sum or any part thereof, shall, forthwith or thereafter, at the option of the [plaintiff], become due and payable if default be made in any payment under this bond." Plaintiff received an initial payment

from RKC and a total of fifteen monthly installment payments thereafter. The unpaid principal balance was $14,448.61. Interest ran at 10.5% per year. Plaintiff received the last payment RKC made on 1 January 1980.

Richard G. Koch and Christine Koch, defendants herein, signed a written guarantee for RKC's indebtedness on 20 October 1978, the same date as the underlying note. Richard Koch executed the note as President of RKC. As additional security, plaintiff accepted a second mortgage on defendants' house.

In July 1983, plaintiff, acting through his New York counsel, contacted defendants, who were then living in North Carolina, by phone and demanded payment of RKC's debt. Defendant Richard Koch responded to plaintiff's counsel by letter in part as follows: "I regret to inform you that I am in no position at this time to make any payments on the note nor does it appear that I will be in the near future. As I told you, I left the bank in January to form Professional Plan Administrators on the premise that I could expect a substantial amount of business from a source in Raleigh. To date, that source has not been able to produce." On 16 June 1987, plaintiff sued defendants seeking to collect the unpaid principal and interest on RKC's debt. Defendants answered claiming in part that plaintiff's suit was barred by North Carolina's statute of limitations. The trial court granted plaintiff summary judgment on 25 March 1988. Defendants appeal.

The issues presented by this appeal are: (1) Did plaintiff accelerate and make defendants' debt due in July 1983, when plaintiff requested his attorney to contact defendants and demand payment? (2) If the due date was not accelerated in July 1983, when did default occur and the statute of limitations begin to run? (3) Was plaintiff's suit timely filed? On the first issue we hold that plaintiff did not accelerate the maturity of the note. On the second issue we hold that the statute of limitations did not begin to run until the date that final performance was due, 1 October 1985, because the parties' agreement was a continuing contract. Third, the action was timely filed. We shall address the acceleration issue first.

[1] Generally, an acceleration clause provides that the maturity date of the note may be accelerated and the entire contract declared due and payable immediately upon default by the obligor. Without such a clause the obligee would have to wait until each installment was due and then sue for each individual defaulted installment.

*See generally* 18 S. Williston, *Contracts* §§ 2027, 2027B at 791, 794-95 (3d ed. 1978) (hereinafter cited as *Williston*). Acceleration does not occur automatically upon default, even if the contract does not expressly provide for acceleration at the option of the obligee. *Williston*, § 2027 at 791; 11 Am. Jur. 2d *Bills & Notes* § 294 at 318 (1963). The rationale is that the acceleration clause is for the sole benefit and security of the creditor and he must elect to take. advantage of it. *Id.*

The acceleration clause in the contract between the debtor, R. K. Consulting, Ltd., and plaintiff provided that, "[t]he whole of the principal sum or any part thereof, shall, forthwith and thereafter, *at the option of the obligee* [plaintiff above], become due and payable if default be made in any payment under this bond." This acceleration clause was clearly operative at plaintiff's option. "The exercise of the option to accelerate maturity of a note should be in a manner so clear and unequivocal as to leave no doubt as to the holder's intention." *Id.* § 296 at 321 (1963).

We find that plaintiff's demand for payment made by his New York counsel in July 1983 was not sufficient to invoke the acceleration clause and did not operate to start the limitations period running. " '[A] mere mental intention to declare the full amount due is not sufficient.' " *Shoenterprise Corp. v. Willingham*, 258 N.C. 36, 39-40, 127 S.E. 2d 767, 770 (1962) (citation omitted). In a letter written to plaintiff's counsel after demand was made, defendant Richard Koch wrote, "[Y]ou of course have the option of filing suit and bringing a judgment against me . . . ." While it is not entirely clear from the letter that defendants were threatened with a suit to collect RKC's debt, "a mere threat to commence suit followed by a subsequent statement that 'all are now due' is not sufficient either to set in motion the limitations statute or to establish an earlier maturity date for any purpose." *Wentland v. Stewart*, 236 Iowa 661, 666, 19 N.W. 2d 661, 663 (1945). Since we find that plaintiff did not accelerate the note, the statute of limitations did not begin running in July 1983. *See generally Williston*, § 2027 at 792.

[2] We now address the issue of when the statute of limitations began to run. The general rule regarding the running of the statute of limitations for installment contracts is that the limitations period begins running from the time each individual installment becomes due. *U.S. Leasing v. Everett*, 88 N.C. App. 418, 426, 363 S.E.

2d 665, 669, *disc. rev. denied*, 322 N.C. 329, 369 S.E. 2d 364 (1988). Plaintiff would be barred under such a rule from recovering installment payments due before 16 June 1984, three years before the date plaintiff filed suit, 16 June 1987, because the statute of limitations for a guaranty not under seal is three years from the breach triggering the obligation of the guarantors. *Georgia-Pacific Corp. v. Bondurant*, 81 N.C. App. 362, 364, 344 S.E. 2d 302, 304 (1986); N.C. Gen. Stat. § 1-52(1) (1983); *Everett*, 88 N.C. App. at 425, 363 S.E. 2d at 669. We find in this case that the three-year statutory period did not begin to run until 1 October 1985, the date upon which defendant's final performance was due.

In the case of *In Re Foreclosure of Lake Townsend Aviation*, 87 N.C. App. 481, 361 S.E. 2d 409 (1987), *disc. rev. denied*, 321 N.C. 473, 364 S.E. 2d 922 (1988), this Court implicitly recognized an exception to the general rule that the statute of limitations begins to run on installment contracts at the time each individual installment becomes due. In that case the mortgagee, James Williams, loaned money to the mortgagor, Lake Townsend Aviation, Inc. (LTA). One of the notes provided that the mortgagor would repay a $12,000 loan with monthly installment payments to begin 1 July 1971 and to end on 1 June 1976. The mortgagor never made a single installment payment. *Id.* at 482, 361 S.E. 2d at 410. The property upon which the mortgagee held the deed of trust was later sold. After the mortgagee's demands for payment were not met, he began foreclosure proceedings on 11 March 1986. *Id.* at 483, 361 S.E. 2d at 410-11. This Court held that the ten-year statute of limitations in N.C. Gen. Stat. § 1-47(3) did not begin to run until 1 June 1976, the date the last installment payment was due. *Id.* at 486, 361 S.E. 2d at 412. The mortgagee's foreclosure was timely because it was filed on 11 March 1986, within ten years of 1 June 1976. *Id.*

*Lake Townsend Aviation* is not inconsistent with *Everett*, which held that the statutory clock begins to run when each individual installment becomes due, not when the last installment is due. The distinction between *Everett*, on the one hand, and *Lake Townsend Aviation* and this case, on the other hand, is that in *Everett* the injured party was unwilling to continue the contract once a material breach occurred. In *Everett*, the plaintiff-lessor, U.S. Leasing, signaled its intention not to continue the contract once the defendant law firm ceased its installment payments when plaintiff-lessor tried unsuccessfully to repossess the leased office furniture.

*Everett*, 88 N.C. App. at 425, 363 S.E. 2d at 668. Future performance of the contract in *Everett*, therefore, became impossible because the injured party had signaled his intention to treat the contract as repudiated. *See Williston*, §§ 2027B, 2028 at 796, 811 (1978). In short, in a case such as *Everett* the injured party cannot elect to continue that which cannot be continued. *See Williston*, § 2028 at 811.

In contrast, in this case future performance was possible because there is no evidence that plaintiff treated defendants' failure to pay as a total repudiation of the contract. First, RKC's failure to make the $5,000 balloon payment due on 31 December 1979 was not treated by plaintiffs as a repudiation, nor were RKC's repeated failures to make monthly installment payments from 1 January 1980. Second, there is no evidence that plaintiff foreclosed on the second mortgage held on defendant's residence. Finally, in the letter to plaintiff's lawyer, defendant Richard Koch did not completely rule out the possibility of future payment. He wrote that he could not pay "at *this time* [22 July 1983]" or "in the *near future*." (Emphasis added.) Plaintiff should not be penalized and barred from recovering the unpaid balance of the debt because plaintiff elected to wait to see whether defendants could fulfill their obligation in the future.

Moreover, continuing performance by defendants was possible in this case because the contract provided that notwithstanding the provisions regarding installment payments "any unpaid balance, including any unpaid interest, shall be due and payable on the first day of October 1985." Professor Williston explains the theory supporting the notion that the limitations period should not begin to run until the time that final performance was due:

> The right to receive in advance partial payments or performances was provided for the plaintiff's benefit. If he chooses to surrender this right and continue performance, and the other party is willing that this should be done, continuance should be allowed without prejudice. To compel the injured party, in order to protect his rights, to bring actions from time to time is undesirable.

> It has been held accordingly under such circumstances that a plaintiff may recover damages, based on the entire performance due from the defendant, at any time before the

Statute has run from the time when the last part of the performance was due.

*Williston*, § 2028 at 811-12.

Plaintiff's suit was filed on 13 June 1987, within three years of 1 October 1985, the date upon which final performance was due. Plaintiff's suit for the entire unpaid principal and interest due is, therefore, not barred under the three-year statute of limitations contained in N.C. Gen. Stat. § 1-52(3). It is unnecessary for us to reach the question whether New York's six-year or North Carolina's three-year limitations period applied because plaintiff's suit for the entire debt is allowable under either statute.

[3] Finally defendants argue that the contract between RKC and plaintiff was usurious and, therefore, void. Regardless of whether New York or North Carolina law applies to the contract, the defense of usury is unavailable to defendants because the defense of usury cannot be interposed by a corporation. N.C. Gen. Stat. § 24-9 (1986); N.Y. Gen. Oblig. Law § 5-521 (1989). RKC is unquestionably a corporation. As guarantors defendants are attempting to claim a defense that is unavailable to the debtor corporation. Since defendants guaranteed the corporation's debt, defendants are likewise prohibited from asserting the usury defense. *See Schneider v. Phelps*, 41 N.Y. 2d 238, 391 N.Y.S. 2d 568, 359 N.E. 2d 1361 (1977).

Summary judgment for plaintiff is

Affirmed.

Judges EAGLES and GREENE concur.