IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA23-464

Filed 7 May 2024

Mecklenburg County, No. 18SP3720

REAL TIME RESOLUTIONS, INC. (RTR), ROGER TOWNSEND & THOMAS, PC, Plaintiffs/Petitioners,

v.

STEPHEN COLE and wife, DONNA COLE, Defendants/Respondents.

Appeal by petitioners from order entered 1 December 2022 by Judge George Bell in Mecklenburg County Superior Court. Heard in the Court of Appeals 2 April 2024.

> *The Law Office of John T. Benjamin, Jr. P.A., by John T. Benjamin, Jr. and Jordan M. Latta, and McMichael Taylor Gray, LLC, by Brian Campbell, for petitioner-appellant Yakte Properties, LLC.*
>
> *James, McElroy & Diehl, P.A., by Preston O. Odom, III, and Surane Law Group PLLC, by James W. Surane, for respondents-appellees.*

GORE, Judge.

The dispositive question in this appeal is whether the applicable statute of limitations set forth in N.C.G.S. § 1-47(3) bars petitioner's foreclosure action. We conclude that it does. Accordingly, we affirm the trial court's Order denying non-judicial foreclosure of the subject property but remand for correction of clerical errors noted herein.

**I.**

On or about 23 June 2006, respondent Stephen E. Cole executed a Home Equity Credit Line Agreement and Disclosure Statement ("HELOC Agreement") governing his Home Equity Credit Line Account ("Account") with Countrywide Home Loans, Inc. d/b/a America's Wholesale Lender ("Countrywide"). Mr. Cole executed a promissory note with a principal credit limit of $360,000 (herein "Note"). Under the terms of the Note, Mr. Cole promised to repay all amounts loaned together with a variable interest rate starting at 8.75% per annum on the unpaid balance. To secure the Note, Mr. Cole and wife Donna L. Cole (collectively, "respondents"), executed a deed of trust pledging their home as security for the repayment funds lent from their HELOC Account.

In 2008, respondents fell behind on payments under the Note. By written notice dated 7 April 2008 ("7 April 2008 Notice"), Countrywide alerted Mr. Cole that the Account was "in serious default because the required payments have not been made." The 7 April 2008 Notice stated, in relevant part:

> You have the right to cure the default. To cure the default, on or before May 12, 2008, Countrywide must receive the amount of $4,362.28 plus any additional regular monthly payment or payments, late charges, fees and charges, which become due on or before May 12, 2008.
>
> The default will not be cured unless Countrywide receives "good funds" in the amount of $4,362.28 on or before 12 May 2008. . . . Countrywide reserves the right to accept or reject a partial payment of the total amount due without waiving any of its rights herein or otherwise. For example, if less than the full amount that is due is sent to us, we can keep the payment and apply it to the debt but still proceed

to foreclosure since the default would not have been cured.

> If the default is not cured on or before May 12, 2008, the mortgage payments **will be accelerated** with *the full amount remaining accelerated* and *becoming due and payable in full*, and foreclosure proceedings will be initiated at that time. As such, the failure to cure the default may result in the foreclosure and sale of your property.

Respondents made no payments to the Account between the 7 April 2008 Notice and the 12 May 2008 deadline dictated therein. Rather, an $11,636.84 payment was made to the Account on 18 July 2008, followed by a $1,752.28 payment on 15 August 2008. The 15 August 2008 payment was the last ever made to the Account, and none were made in response to a second Notice of Intent to Accelerate from Countrywide dated 5 November 2008.

Petitioner Yakte Properties, LLC, commenced this non-judicial foreclosure action to foreclose on respondents' property by filing a Notice of Hearing on Foreclosure of Deed of Trust on 15 November 2018 through petitioner's assigned trustee, Satterfield Legal, PLLC. Petitioner served an Amended Notice of Hearing on Foreclosure of Deed of Trust on respondents on 31 May 2019, filed on 3 June 2019. Petitioner filed an Affidavit of Indebtedness on 5 August 2019.

This matter came to be heard before the Assistant Clerk of Superior Court, Mecklenburg County, as a Contested Hearing. The Assistant Clerk entered an Order Authorizing Foreclosure on 12 September 2019 granting petitioner the right to proceed to foreclosure ("Clerk's Order"). The Clerk's Order explicitly states that

respondents "contested the foreclosure, noting that the foreclosure sale is barred by the statute of limitations and challenging the standing of the Lender to foreclose[.]"

Respondents filed a Notice of Appeal on 17 September 2019 appealing the Clerk's Order. The matter came on to be heard in Superior Court, Mecklenburg County, pursuant to respondent's appeal of the Clerk's Order on 14 October 2021. After a hearing on the matter, and in an Order filed 1 December 2022, the trial court found that "there is ongoing confusion about the holder of the Note[,]" that petitioner "never adequately explained the discrepancy in the documents as to who was the holder of the note," and "[t]he conflicting or otherwise concealed or missing documentation makes the identity of the holder of the note uncertain." Further, the trial court concluded as a matter of law:

> 20. The language of the Notice from Countrywide sent to the Borrowers in April 2008 constitutes a valid acceleration of the Note.
>
> 21. Under N.C.G.S. § 1-47 there is a ten-year statute of limitation for when the power of sale by foreclosure may commence.
>
> 22. The provisions of *In re Brown*, 771 S.E.2d 829 (NC Ct. App. 2015) control, which holds that if a promissory note is accelerated, the statute of limitation runs from the date of acceleration forward for ten years from the acceleration date.
>
> 23. In the present case, the date of acceleration was May 12, 2008, and therefore under the *In re Brown* decision the statute of limitations had run prior to the Notice of Hearing filed on or after November 13, 2018 by the Petitioners and as such the petition to foreclose is barred under the

relevant statute of limitations.

24. [Petitioner's] actions were improperly filed after the statute of limitations had expired.

Petitioners filed written notice of appeal to this Court from the trial court's Order on 28 December 2022.

The trial court's 1 December 2022 Order denying petitioner's request for foreclosure, and dismissing the foreclosure petition, is a final judgment on all remaining claims asserted by petitioner in this non-judicial foreclosure brought under N.C.G.S. § 45-21.16. Appeal therefore lies to this Court pursuant to N.C.G.S. § 7A-27(b).

## II.

"The applicable standard of review on appeal where, as here, the trial court sits without a jury, is whether competent evidence exists to support the trial court's findings of fact and whether the conclusions reached were proper in light of the findings." *In re Azalea Garden Bd. & Care, Inc.*, 140 N.C. App. 45, 50 (2000) (citation omitted). "Competent evidence is evidence that a reasonable mind might accept as adequate to support the finding." *In re Adams*, 204 N.C. App. 318, 321 (2010 (quotation marks and citation omitted). "Unchallenged findings of fact are presumed correct and binding on appeal." *In re Frucella*, 261 N.C. App. 632, 635 (2018) (citation omitted). "[T]he trial court's conclusions of law are reviewable *de novo*." *Id.* (citation omitted).

**III.**

We elect to first review the trial court's conclusion of law that petitioner's "actions were improperly filed after the statute of limitations had expired." On appeal, petitioner asserts the trial court erred in ruling that the 10-year statute of limitations set forth in N.C.G.S. § 1-47(3) bars its petition for a non-judicial foreclosure of respondents' property. We disagree.

North Carolina General Statutes § 1-47 sets a ten-year statute of limitations to commence a foreclosure action. The statute provides:

> For the foreclosure of a mortgage, or deed in trust for creditors with a power of sale, of real property, where the mortgagor or grantor has been in possession of the property, *within ten years* after the forfeiture of the mortgage, or after the power of sale became absolute, or within ten years after the last payment on the same.

N.C.G.S. § 1-47(3) (2023) (emphasis added).

> In order for a foreclosure to be barred under this section, two events must occur: (1) the lapse of ten years after the forfeiture or after the power of sale became absolute or after the last payment, and (2) the possession of the mortgagor during the entire ten-year period. These two requirements must be coexistent.

*In re Lake Townsend Aviation, Inc.*, 87 N.C. App. 481, 484 (1987) (citation omitted). "[T]he statute of limitations . . . begins on the date of maturity of the loan[ ] *unless* the note holder or mortgagee *has exercised* his or her *right of acceleration.*" *In re Brown*, 240 N.C. App. 518, 522 (2015) (emphasis added). An "acceleration" is "[t]he advancing of a loan agreement's maturity date so that payment of the entire debt is

due immediately." *Acceleration*, BLACK'S LAW DICTIONARY (8th ed. 2004). "[I]f payment on a promissory note is accelerated, the power of sale . . . begin[s] to run on the date of acceleration." *Brown*, 240 N.C. App. at 522.

As a preliminary matter, we presume without deciding that petitioner satisfied all essential elements to bring an action for non-judicial foreclosure of the subject property under N.C.G.S. § 45-21.16(d). Further, the second element of § 1-47(3), "possession of the mortgagor during the entire ten-year period[,]" *Lake Townsend*, 87 N.C. App. at 484; *see* § 1-47(3), is not in dispute. The parties dispute the date of acceleration, and thus, the date from which the clock started on the 10-year statute of limitations under § 1-47(3). To this effect, petitioner challenges the trial court's findings of fact 6–9 as unsupported by competent evidence in the record:

> 6. On April 7, 2008 Lender provided Borrowers with a notice of acceleration.
>
> 7. The Notice was clear and without reservation and provided that if Borrowers did not cure their default by May 12, 2012 it would in fact be accelerated.
>
> 8. Borrowers did not cure the default by the May 12, 2012 deadline and the debt was therefore accelerated on that date under the conditions set forth by Countrywide under the terms of the Acceleration Notice.
>
> 9. [Respondents] offered no argument that the Note was subsequently reinstated following the acceleration by Countrywide.

Petitioner argues, and respondents concede, that findings of fact 7 and 8 misidentify the cure date as 12 May *2012*, rather than the correct date of 12 May

*2008.* We agree but determine that the correct year—2008—is listed elsewhere under finding fact 4 and is supported by the plain language of the 7 April 2008 Notice as it appears in the record. These typographical mistakes are appropriately classified as clerical errors, which when viewed in isolation, do not disturb the validity of the entire Order. *See State v. Taylor*, 156 N.C. App. 172, 177 (2003) (cleaned up) ("Clerical error has been defined as an error resulting from a minor mistake or inadvertence, esp. in writing or copying something on the record, and not from judicial reasoning or determination.").

Additionally, finding of fact 8 states, "Borrowers did not cure before the May 12, 2012[,] deadline and the debt was therefore accelerated on that date[,]" but the 7 April 2008 Notice states respondents may cure "on or before" that date. Therefore, if acceleration occurred, it would have happened the next day (13 May 2008). "When, on appeal, a clerical error is discovered in the trial court's judgment or order, it is appropriate to remand the case to the trial court for correction because of the importance that the record 'speak the truth.'" *State v. Smith*, 188 N.C. App. 842, 845 (2008) (citation omitted). Accordingly, we remand for correction of clerical errors appearing in findings of fact 7 and 8.

Next, we address the trial court's conclusions of law 23 and 24, which indicate respondents' failure to cure the default on their HELOC Account—on or before 12 May 2008—resulted in the note holder's acceleration of the entire loan amount, and thus, started the clock on the relevant 10-year statute of limitations under § 1-47(3).

It appears to be well settled that a provision in a bill or note accelerating the maturity thereof on nonpayment of interest or installments, or other default, at the option of the holder, requires some affirmative action on the part of the holder, evidencing his election to take advantage of the accelerating provision, and that until such action has been taken the provision has no operation. In other words, some positive action on the part of the holder is an essential condition for the exercise of his option and a mere mental intention to declare the full amount due is not sufficient. This rule requires objective evidence of an election to exercise the option.

*Shoenterprise Corp. v. Willingham*, 258 N.C. 36, 39–40 (1962) (internal quotation marks and citation omitted). That is, "[t]he exercise of the option to accelerate maturity of a note should be in a manner so clear and unequivocal as to leave no doubt as to the holder's intention." *Vreede v. Koch*, 94 N.C. App. 524, 527 (1989) (quotation marks and citation omitted). "The rationale is that the acceleration clause is for the sole benefit and security of the creditor[,] and he must elect to take advantage of it." *Id.* (citation omitted).

Here, the 7 April 2008 Notice contains this clear statement: "[i]f the default is not cured on or before May 12, 2008, [then] the mortgage payments **will be accelerated** with *the full amount remaining accelerated* and becoming due and payable in full[.]"

The Notice does not employ verbs such as "might" or "may" in reference to acceleration. The Notice uses the term "will," which indicates inevitability. The only reference to a *possibility* is foreclosure and sale of the subject property at a later

proceeding should respondents fail to cure the default. Thus, acceleration is not a *possible* future event—it is *guaranteed* to occur if respondents do not tender "'good funds' in the amount of $4,362.28 on or before May 12, 2008."

Respondents failed to cure the default on their Account by the specified date—12 May 2008. Thus, we determine that acceleration of the loan occurred the next day (13 May 2008). *Cf. Vreede*, 94 N.C. App. at 527 (quotation marks and citation omitted) (holding that a note holder must, in no uncertain terms, affirmatively invoke its option to accelerate maturity of a note, and "a mere threat to commence suit" following notice of default "is not sufficient either to set in motion the limitations statute or to establish an earlier maturity date for any purpose."); *Lake Townsend*, 87 N.C. App. 481, 486 (1987) (emphasis added) (determining that language in a note and deed of trust that states, "the holder of this Note *may* declare the entire sum due and payable[,]" is a statement of the note holder's "*right to* accelerate payment on the entire amount of the note[,]" but is not sufficient by itself to show that the note holder had in fact "exercised this right[ ]" to accelerate.). Because petitioner did not file its first Notice of Hearing on Foreclosure of Deed of Trust until 15 November 2018—approximately 10 years and 6 months after acceleration of the full loan amount—petitioner's action for non-judicial foreclosure of respondents' property is time barred under § 1-47(3).

**IV.**

We hold that the 7 April 2008 Notice contained "clear and unequivocal"

- 10 -

language "as to leave no doubt as to the holder's intention[,]" *Vreede*, 94 N.C. App. at 527; "If the default is not cured on or before May 12, 2008, the mortgage payments **will be accelerated** with *the full amount remaining accelerated* and becoming due and payable in full[.]" Thus, we determine that petitioner filed this non-judicial foreclosure action outside the applicable 10-year statute of limitations under § 1-47(3). Having concluded that petitioner's action is time-barred, it is unnecessary to reach the parties' remaining arguments. We, therefore, affirm the trial court's Order and remand for correction of clerical errors appearing therein.

AFFIRMED IN PART AND REMANDED FOR CORRECTION OF CLERICAL ERROR.

Judges STROUD and TYSON concur.