U.S. Leasing Corp. v. Everett, Creech, Hancock and Herzig

ÜNITED STATES LEASING CORPORATION v. EVERETT, CREECH, HANCOCK AND HERZIG, A PARTNERSHIP; EVERETT & HANCOCK, A PARTNERSHIP; KATHERINE R. EVERETT; WILLIAM A. CREECH; AND WILLIAM G. HANCOCK

Nos. 8726DC347
8726DC365

(Filed 19 January 1988)

1. **Landlord and Tenant § 5; Assignments § 1; Appeal and Error § 42.2— lease of business equipment—assignment—material omitted from record—presumption as to trial court's findings**

In an action to recover for breach of contract for the lease of office equipment, there was no merit to defendants' contention that there was no competent evidence to support the trial court's finding of an assignment of the lease from the original lessor to plaintiff and that plaintiff therefore had no standing or capacity to sue, since the vice-president for operations of plaintiff testified to the assignment; six minutes of his testimony were missing but no effort was made to summarize or reconstruct his testimony; and the court's findings were therefore presumed to be supported by competent evidence.

2. **Landlord and Tenant § 5; Evidence § 29.2— lease of business equipment—assignment—testimony from business records proper**

There was no merit to defendants' contention that plaintiff's employee's testimony concerning assignment of a lease to plaintiff was inadmissible because it was not based on personal knowledge of the witness and was hearsay based upon alleged "business records" of plaintiff for which no proper foundation was laid, since the witness, though he admitted that his knowledge of the matter was limited to the contents of plaintiff's file with which he had familiarized himself, could properly testify about the records and their significance so long as the records themselves were admissible under the business records exception to the hearsay rule, and the witness was familiar with the system by which the records were made and maintained; furthermore, because six minutes of the witness's testimony were missing, it must be presumed that the witness was qualified to lay a foundation for plaintiff's business records and that, in fact, a proper foundation was laid.

3. **Landlord and Tenant § 5; Evidence § 31.1— lease of business equipment—assignment—testimony not violation of best evidence rule**

There was no merit to defendants' contention that plaintiff's employee's testimony concerning assignment of a lease to plaintiff was inadmissible because it violated the best evidence rule, since nothing in the record indicated that the assignment was in writing; the law did not require that the assignment be written in order for plaintiff to enforce the lease agreement against defendants; and the best evidence rule requires exclusion of secondary evidence offered to prove the contents of a document whenever the original document is available, but plaintiff here sought to prove, not the contents of a document of assignment, but simply that an assignment had occurred.

**4. Landlord and Tenant § 5; Evidence § 29.2— lease of business equipment—assignment—notice of acceptance and assignment—part of business records—authentication**

In an action for breach of contract of a lease of office equipment where defendants contested assignment of the lease to plaintiff, defendants could not successfully challenge the admission of a "Notice of Acceptance and Assignment," which was purportedly a copy of a notice to defendants of lessor's assignment of the lease to plaintiff, on the ground that it was an unauthenticated, unexecuted copy of a document calling for a signature, since a proper foundation was laid for the admission of plaintiff's business records concerning the lease, and the document to which defendants objected was at least authenticated as a component of those records; plaintiff's employee testified that thousands of leases were obtained by plaintiff from original lessor, that notices like the one in question were sent to lessees as a standard business practice upon receipt by plaintiff of each lease package, that the challenged document was received with the lease package from the original lessor at the time of this particular assignment, and that plaintiff began receiving payments from defendants; and this testimony, coupled with the very existence of the document in plaintiff's file, was some evidence that the document was what it purported to be.

**5. Landlord and Tenant § 5; Assignments § 1— lease of business equipment—assignment—sufficiency of evidence**

Evidence was sufficient to support the trial court's finding that a lease allegedly breached by defendants was assigned to plaintiff where the evidence consisted of testimony by an employee of plaintiff that the assignment was made, a notice of assignment which was mailed to defendants, plaintiff's physical possession of the lease agreement between original lessor and defendants, testimony that plaintiff maintained a file concerning the lease in question and the file contained a notice like those customarily sent to lessees upon assignment to plaintiff of other leases, and testimony that plaintiff began receiving payments from defendants.

**6. Damages § 9— breach of lease of business equipment—mitigation of damages**

In an action for breach of contract for the lease of office equipment, the trial court did not err by finding that plaintiff attempted to mitigate its damages where the trial court found that plaintiff attempted to mitigate damages by authorizing the original lessor to retrieve the leased equipment but that defendants refused to release the equipment, and this finding was supported by testimony of plaintiff's employees based upon documentation in plaintiff's file and by plaintiff's answers to interrogatories of one defendant which defendants offered into evidence without any request for a limitation upon their use.

**7. Limitation of Actions § 4.6— breach of contract—installment payments—accrual of cause of action as each installment became due**

In an action to recover for breach of contract for the lease of office equipment which was instituted against certain defendants by the filing of an amended complaint on 15 August 1985, the trial court erred in determining that claims against those defendants were barred by the statute of limitations,

since the general rule in the case of an obligation payable by installments, as in this case, is that the statute of limitations runs against each installment individually from the time it becomes due; therefore, plaintiff's claims against these defendants were barred only as to those payments which were due prior to 16 August 1982.

APPEALS by plaintiff and by defendants, William G. Hancock and Everett, Creech, Hancock & Herzig from *T. Patrick Matus, II, Judge.* Judgment entered 7 November 1986 in District Court, MECKLENBURG County. Consolidated and heard in the Court of Appeals 21 October 1987.

*Waggoner, Hamrick, Hasty, Monteith, Kratt, Cobb & McDonnell by Robert D. McDonnell for plaintiff-appellant/appellee.*

*Parker, Poe, Thompson, Bernstein, Gage & Preston by I. Faison Hicks and Regina J. Wheeler for defendant-appellants/appellees.*

BECTON, Judge.

I

. These consolidated appeals arise from a breach of contract action brought by plaintiff, United States Leasing Corporation (U.S. Leasing) to recover the balance due under a lease of office equipment. The original complaint was filed 13 September 1983 against the law partnership of Everett, Creech, Hancock & Herzig (ECHH) and was served upon William G. Hancock. The complaint alleged, in part, that plaintiff and ECHH had entered a lease agreement in October 1980 and that ECHH had defaulted in making payments under the agreement. ECHH answered, denying the allegations.

On 15 August 1985, with the consent of the trial court, U.S. Leasing filed an amended complaint naming as additional defendants Katherine R. Everett, William Creech, and William G. Hancock, individually, and the law partnership, Everett & Hancock (EH). The amended complaint, which was served on each of the defendants, alleged, in part, that William G. Hancock, on behalf of ECHH, had executed the lease agreement with Lanier Business Products, Inc. (Lanier); that the lease was assigned to U.S. Leasing; and that the partnership EH, a successor firm to ECHH, was obligated to make payments under the lease because it had taken

possession of and used the leased equipment. Each defendant answered the amended complaint, denying any debt to U.S. Leasing and asserting various affirmative defenses, including the statute of limitations, plaintiff's failure to mitigate damages, and plaintiff's lack of capacity and standing to sue.

The matter was tried without a jury on 27 May 1986. In its judgment, filed 7 November 1986, the trial court made findings of fact and conclusions of law and ordered that plaintiff recover from defendants ECHH and Hancock, jointly and severally, the balance due under the lease, $28,893.36, with interest from 15 August 1985, as well as costs and attorney fees. The court further ordered that the action against EH, Creech, and Everett be dismissed, concluding that it was barred by the three-year statute of limitations applicable to contract actions.

Defendants ECHH and Hancock appeal from the judgment against them, assigning as error the admission of certain evidence, the denial of their motion for a "directed verdict," and the court's finding that plaintiff attempted to mitigate its damages. Plaintiff appeals from that portion of the judgment dismissing its action against the remaining defendants, EH, Creech, and Everett. For the reasons discussed hereafter, we affirm the judgment against ECHH and Hancock, and reverse the dismissal of the action against EH, Creech, and Everett.

II

The evidence submitted by plaintiff consisted of testimony by W. A. Hunter, Vice President of Operations for U.S. Leasing, and documentary evidence including (1) the lease agreement and a "certificate of acceptance" signed by defendant Hancock, (2) an unsigned document entitled "Notice of Acceptance and Assignment" purporting to be a copy of a notice to ECHH of Lanier's assignment of the lease to U.S. Leasing, (3) a statement of ECHH's account with U.S. Leasing dated March 1984, and (4) cancelled checks from ECHH showing payments made under the lease agreement. Defendants offered in evidence the plaintiff's answers to defendant Everett's interrogatories.

The evidence tended to show that defendant Hancock, on 26 September 1980, executed, on behalf of ECHH, an agreement for the lease of office equipment from Lanier. At that time, the in-

dividual defendants Hancock, Creech, and Everett were partners in ECHH, which was organized for the practice of law in 1980.

The lease provided for sixty monthly payments of $552.19. ECHH made fifteen payments before it ceased making payments in January or February of 1982. Thereafter, U.S. Leasing and Hancock attempted to negotiate a settlement but failed to reach an agreement. The law partnership EH was formed in March 1982 and, as of 24 January 1986, continued to possess and use the leased equipment.

## III

We first address the issues raised by the appeal of defendants ECHH and Hancock.

## A

Defendants first argue that the trial court erred by admitting in evidence (1) the testimony of W. A. Hunter that Lanier assigned the lease to U.S. Leasing, and (2) plaintiff's Exhibit 2 ("Notice of Acceptance and Assignment") and Mr. Hunter's testimony about the document insofar as this evidence was offered to prove the assignment. Consequently, they maintain that there was no competent evidence of an assignment; that U.S. Leasing thus failed to establish its "capacity" and "standing" to sue; and that the action should have been dismissed at the close of the evidence.

[1] The trial court found that "on or about 5 November 1980, Lanier Business Products, Inc. assigned the Lease Agreement to the plaintiff, thus making the plaintiff the owner and holder of the Lease Agreement. . . ." This finding is binding on appeal if it is supported by any competent evidence in the record. *See, e.g., Blackwell v. Butts*, 278 N.C. 615, 180 S.E. 2d 835 (1971); *Worlitzer Distributing Corp. v. Schofield*, 44 N.C. App. 520, 261 S.E. 2d 688 (1980).

The transcript reflects that approximately six minutes of Mr. Hunter's testimony is missing due to the fact that a portion of the tape from which it was transcribed was inaudible. No effort has been made in the record to reconstruct or summarize the missing testimony. When the evidence or some relevant portion thereof is not in the record, the trial court's findings are presumed to be

supported by competent evidence. *See, e.g., Fellows v. Fellows,* 27 N.C. App. 407, 219 S.E. 2d 285 (1975); *Town of Mount Olive v. Price,* 20 N.C. App. 302, 201 S.E. 2d 362 (1973). For this reason and the reasons that follow, we conclude that the court's finding of an assignment must be upheld.

[2] Defendants argue that Mr. Hunter's testimony concerning the assignment was inadmissible because it was not based on personal knowledge of the witness, was hearsay based upon alleged "business records" of plaintiff for which no proper foundation was laid, and violated the best evidence rule. Although the witness admitted that his knowledge of the matter was limited to the contents of plaintiff's file with which he had familiarized himself, he could properly testify about the records and their significance so long as the records themselves were admissible under the business records exception to the hearsay rule, *see In re Smith,* 56 N.C. App. 142, 287 S.E. 2d 440, *cert. denied,* 306 N.C. 385, 294 S.E. 2d 212 (1982), and Mr. Hunter was familiar with the system by which the records were made and maintained. *See State v. Miller,* 80 N.C. App. 425, 342 S.E. 2d 553, *appeal dismissed and disc. review denied,* 317 N.C. 711, 347 S.E. 2d 448 (1986). Because the record of the evidence is incomplete, we must presume that Mr. Hunter was qualified to lay a foundation for plaintiff's business records and that, in fact, a proper foundation was laid.

[3] Defendants' "best evidence" argument is likewise without merit. The best evidence of the assignment, defendants maintain, is the assignment itself and, thus, the testimony of Mr. Hunter should have been excluded in the absence of a satisfactory explanation for plaintiff's failure to offer the assignment itself in evidence. However, we find nothing in the record which indicates that the assignment was in writing, nor does the law require that the assignment be written in order for plaintiff to enforce the lease agreement against defendants. Moreover, the so-called "best evidence" rule merely requires the exclusion of secondary evidence offered to prove the *contents* of a document whenever the original document itself is available. *See* N.C. Rules of Evidence, N.C. Gen. Stat. Section 8C, Rules 1002-1004 (1986). In this case, plaintiff was not seeking to prove the contents of a document but to establish that an assignment had occurred. Defendant's assignment of error to the admission of Mr. Hunter's testimony is overruled.

**[4]**   Defendants also challenge the admission of the "Notice of Acceptance and Assignment" on the grounds that it is an unauthenticated, unexecuted copy of a document calling for a signature, and they contest as well the admission of Mr. Hunter's testimony about the document. For the reasons previously stated, we uphold the admission of Mr. Hunter's testimony.

The requirement of authentication represents a special aspect of the rule that evidence must be relevant, *see* McCormick on Evidence, Secs. 219, 227 (3rd ed. 1984), and "is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." Rule 1002. Assuming as we must, due to the incompleteness of the record, that a proper foundation was laid for the admission of plaintiff's business records concerning the lease, the document to which defendants object was at least authenticated as a component of those records.

Mr. Hunter testified that thousands of leases were obtained by U.S. Leasing from Lanier by way of assignment during 1980, that notices like the one in question were sent to lessees as a standard business practice upon receipt by U.S. Leasing of each lease package, that the challenged document was received with the lease package from Lanier at the time of this particular assignment, and that U.S. Leasing began receiving payments from ECHH. In our opinion, this testimony, coupled with the very existence of the document in plaintiff's file, is some evidence that the document is what it purports to be. Under these circumstances, we conclude that the absence of a signature or additional authentication of the notice, merely goes to the weight of the evidence, not its admissibility, and that the document was properly admitted.

**[5]**   We have determined that Mr. Hunter's testimony and plaintiff's Exhibit 2 were properly received in evidence. In addition to this evidence, we are convinced that the following constitutes some evidence to support the trial court's finding that the lease was assigned to plaintiff: (1) U.S. Leasing's physical possession of the lease agreement between Lanier and ECHH, (2) the fact that U.S. Leasing maintained a file concerning that lease and that the file contained a notice like those customarily sent to lessees upon assignment to plaintiff of other leases, and (3) the fact that U.S. Leasing began receiving payments from defendants. Accordingly,

we hold that the trial court properly refused to dismiss the action at the close of the evidence.

B

[6] Defendants next contend that no competent evidence shows plaintiff attempted to mitigate its damages, and that any recovery by plaintiff should thus be reduced to the extent plaintiff could reasonably have minimized its losses. The trial court found as a fact that U.S. Leasing attempted to mitigate damages by authorizing Lanier to retrieve the leased equipment but that EH refused to release the equipment. This finding is supported by testimony of Mr. Hunter based upon documentation in plaintiff's file, and by plaintiff's answers to interrogatories of defendant Everett.

For the reasons previously discussed, the testimony of Mr. Hunter, based upon his familiarity with plaintiff's business records, was competent evidence. Furthermore, the answers to interrogatories, to which defendants object as "self-serving" and therefore, inadmissible and incompetent to prove an attempt to mitigate damages, were offered in evidence by *defendants* without any request for a limitation upon their use. Defendants will not now be heard to object to evidence which they submitted themselves. The trial court did not err by finding that plaintiff attempted to mitigate its damages.

C

For the foregoing reasons, the judgment against defendants ECHH and William G. Hancock is affirmed.

IV

[7] We next address the issue raised by plaintiff's appeal— whether the action was properly dismissed as to the defendants Everett, Creech, and EH as barred by the statute of limitations.

A breach of contract action is governed by a three-year statute of limitations. *See* N.C. Gen. Stat. Sec. 1-52(1) (1983). The period of limitations begins to run whenever the plaintiff's right to maintain an action accrues. *E.g., Wilson v. Crab Orchard Development Co.*, 276 N.C. 198, 171 S.E. 2d 873 (1970).

The defendant-appellees correctly argue in their brief that the statute was not tolled as to them by the filing of the original

complaint because they were not served with process, and that the amended pleading, filed 15 August 1985, adding them as additional parties, could not "relate back" to the filing of the original complaint if the period of limitation had run. *See Stevens v. Nimock,* 82 N.C. App. 350, 346 S.E. 2d 180, *cert. denied,* 318 N.C. 511, 349 S.E. 2d 873 (1986), *reconsideration denied,* 318 N.C. 702, 351 S.E. 2d 760 (1987). Therefore, if plaintiff's cause of action accrued outside the three-year period, *i.e.,* prior to 16 August 1982, the statute would bar plaintiff's claim against these defendants. The issue for our resolution is thus: When did plaintiff's cause of action accrue and the period of limitations begin to run?

A cause of action for breach of contract accrues at the time of the breach which gives rise to the right of action. *See, e.g., Rawls v. Lampert,* 58 N.C. App. 399, 293 S.E. 2d 620 (1982). The general rule in the case of an obligation payable by installments is that the statute of limitations runs against each installment individually from the time it becomes due, unless the creditor exercises a contractual option to accelerate the debt, in which case the statute begins to run from the date the acceleration clause is invoked. 51 Am. Jur. 2d, *Limitation of Actions* Section 142 (1970); *see Shoenterprise Corp. v. Willingham,* 258 N.C. 36, 127 S.E. 2d 767 (1962); *Town of Farmville v. Paylor,* 208 N.C. 106, 179 S.E. 459 (1935). The defendants' obligation under the lease in this case was payable by monthly installments. Consequently, we hold that plaintiff's action against EH, Creech, and Everett was barred by the statute of limitations only as to those payments which were due prior to 16 August 1982. The cause of action for each of the remaining payments accrued within the period of limitations and was not barred.

In so holding, we reject plaintiff's contention that the statute was not tolled until plaintiff attempted to repossess the equipment on or about 19 August 1982, in exercise of one of its optional remedies under the provisions of the lease agreement. We likewise reject the defendant-appellees' argument that the first failure to make payment in February 1982 automatically matured all remaining obligations under the contract and started the statute of limitations running against the entire debt. Defendant-appellees base their argument upon a lease provision giving plaintiff the optional remedy of suing, upon any breach by defendants, for all "amounts due and to become due." However, we find nothing

in this provision or elsewhere in the agreement which operates to automatically accelerate all future obligations under the contract. To the contrary, another option available to plaintiff by express terms of the agreement was to seek recovery of each payment as it became due.

The flaw in both sides' positions is that they each interpret contract provisions concerning *remedies* for breach as bearing upon the accrual of plaintiff's cause of action. However, as previously stated, the cause of action accrues when the *breach* occurs, and the contract in question clearly defines breach or default as failure to make the required payments.

Having concluded that the statute of limitations barred only a portion of plaintiff's claim against EH, Creech, and Everett, we next summarily reject plaintiff's contention that the statute was somehow tolled by defendant Hancock's participation in settlement negotiations and by EH's refusal to release the equipment. Applying the principles of equitable estoppel, we find no evidence in the record before us which shows that plaintiff's delay in amending its complaint was induced by any conduct or representation of any of the defendants.

V

In summary, we hold that the trial court's entry of judgment against defendants ECHH and Hancock was proper. The court erred, however, in dismissing plaintiff's claims against defendants EH, Creech, and Everett as to those payments which became due under the lease after 15 August 1982, and this matter is accordingly remanded for entry of judgment against those defendants consistent with this opinion.

Affirmed in part, reversed in part, and remanded.

Judges PHILLIPS and GREENE concur.