SAMMY LIPTRAP, KEITH M. TUTTLE, TOMMY McARTHUR, GARLAND B. ALFORD, IRVIN L. AVANT, JR., WILLIAM M. AYCOTH, JAMES C. BALDWIN, JAMES F. BARBRY, JR., LARRY D. BENFIELD, ROBERT L. BENSON, JR., PAUL G. BLACKBURN, KAREN H. BREWER, RICHARD BREWER, ELLIOTT M. BROCK, DENNIS K. BRYANT, DANNY L. BUCKNER, MITCHELL L. COCKERHAM, CLETUS F. COMBS, BOBBY GRAY COOK, RALPH L. CUMBLIDGE, KENNETH E. DAVIS, GEORGE FRANKLIN DEAL, RAYFORD L. DEAL, DARYL EUGENE DELAGRANGE, ALFRED C. DENNIS, ROBERT L. DILLS, DEBRA DUNCAN, ALFRED KEITH EDWARDS, STEVEN LEE EMBLER, RONNIE D. GARRIS, ROBERT L. GILL, JR., JAY DENNIS GRANT, MARILYN GROOME, JOSEPH L. GUTHRIE, ELBY D. HATFIELD, SR., EDWIN LAVON HAZELTON, GEORGE EARL JONES, JACK E. JONES, JR., RONNIE CLINTON JONES, JOSEPH CORBITT LASSITER, JAY LEONARD, STEPHEN RADCLIFFE MADISON, DORIS MALACTRAS, RONALD JAMES McGUIRE, RONALD McMAHAN, WENDALL K. MICHAEL, LOUIS H. NEAL, LARRY P. NEWSOM, CHARLES CLINT PASSMORE, JEFFREY L. PATTON, PAULA D. PEACE, KEITH M. PRICE, CLAYTON LEE PROCTOR, JR., M. THOMAS REID, JAMES RICKS, JR., MICHAEL J. SAUNDERS, DIANA P. SHEFFIELD, EXECUTRIX OF THE ESTATE OF JAMES RANDALL SHEFFIELD DECEASED, TERRY E. SHOAF, PAUL DANIEL SNIPES, JR., JERRY W. STEELE, RANDY T. SURRATT, GEORGE T. TATE, III, RALPH W. TAYLOR, JERRY WAYNE THOMAS, PHIL W. THOMPSON, ARCHIE L. THORNE, DAVID TROTTER, JERRY TUCKER, DANNY W. TURNER, RANDALL LEE WAY, JOHN MICHAEL WAYNE, STEPHEN DOUGLAS WHITE, WILLIAM E. WHITEHART, CARL D. WILLS, SR., STEVE T. YARBROUGH, MARTHA JO YOUNTS, AND RICK M. ZACHARY, PLAINTIFFS v. CITY OF HIGH POINT, NORTH CAROLINA, DEFENDANT

No. COA97-392

(Filed 20 January 1998)

## Limitations, Repose, and Laches § 55 (NCI4th)— city employees—resolution freezing longevity pay—breach of contract—statute of limitations

Claims by current or retired city employees for breach of a contract created when the city council passed an ordinance establishing a longevity pay plan accrued on the date the city council passed a resolution freezing the amount of annual longevity payments, not on the dates on which the city refused to pay additional amounts to plaintiff employees reaching greater increments of service in accordance with the schedule contained in the ordinance. Therefore, plaintiffs' claims were barred by the statute of limitations set forth in N.C.G.S. § 1-53(1) where they were not filed within two years after the date of the council's resolution.

Appeal by plaintiffs from order entered 13 January 1997 by Judge Peter M. McHugh in Guilford County Superior Court. Heard in the Court of Appeals 20 November 1997.

*Smith, Follin & James, L.L.P., by Margaret Rowlett, for plaintiff appellants.*

*City Attorney Fred P. Baggett for defendant appellee.*

SMITH, Judge.

In 1966, the City Council of High Point, North Carolina enacted an ordinance establishing a longevity pay plan for defendant City of High Point's employees. The ordinance provided for annual longevity payments that would increase in five-year increments. On 4 June 1992, the City Council passed a resolution freezing the amount of the annual longevity payments to the same dollar amount as paid out in December of 1991.

In their complaint, plaintiffs, who are current or retired employees of the City hired prior to 1982, alleged that those plaintiffs hired prior to the enactment of the 1966 ordinance accepted the City's offer of annual longevity pay, and that the terms of the ordinance vested when they continued their employment with the City. Plaintiffs further alleged that those plaintiffs hired after the enactment of the ordinance accepted employment under the terms of the ordinance which vested and became part of their employment contracts.

Plaintiffs filed this action on 20 November 1996 claiming that the City's resolution freezing the amount of their longevity pay and subsequent refusals to pay additional amounts to those plaintiffs reaching greater increments of service, constituted and continue to constitute breaches of their employment contracts. The City thereafter filed a motion to dismiss pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(b)(6) (1990) on the ground that plaintiffs' action was barred by the two-year statute of limitations set forth in N.C. Gen. Stat. § 1-53(1) (1996). The trial court granted this motion.

On appeal, plaintiffs contend the trial court erred by granting the City's motion to dismiss. Plaintiffs argue that the 1966 ordinance imposed a continuing obligation on the City to make the increased longevity payments in accordance with the schedule contained in that ordinance. Therefore, plaintiffs claim the City's resolution freezing the amount of longevity pay and subsequent refusals to pay additional amounts to those plaintiffs reaching greater increments of

service constituted separate breaches of contract, each of which triggered a new statute of limitations period. While plaintiffs concede they are not entitled to damages for longevity pay owed to them more than two years prior to the filing of this action, they claim they are entitled to amounts that should have been paid to them beginning two years prior to the filing of this action, and amounts they will be owed in future years. The City argues that plaintiffs' cause of action accrued and the statute of limitations began to run upon the passage of the City Council's 1992 resolution freezing the amount of longevity pay, and that plaintiffs' claim is thus time barred since it was not filed within two years of that date.

When hearing a motion to dismiss, the court must decide " 'whether, as a matter of law, the allegations of the complaint, treated as true, are sufficient to state a claim upon which relief may be granted under some legal theory. . . .' " *Soderlund v. N.C. School of the Arts*, 125 N.C. App. 386, 389, 481 S.E.2d 336, 338 (1997) (quoting *Harris v. NCNB*, 85 N.C. App. 669, 670, 355 S.E.2d 838, 840 (1987)). The statute of limitations may provide the basis for dismissal on a motion pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(b)(6) if the face of the complaint establishes that plaintiff's claim is barred. *Soderlund*, 125 N.C. App. at 389, 481 S.E.2d at 338.

N.C. Gen. Stat. § 1-53(1) provides that an action against a local unit of government based on a contract, obligation or liability arising out of contract must be filed within two years of the accrual of the cause of action. *See also* N.C. Gen. Stat. § 1-15 (1996) ("Civil actions can only be commenced within the periods prescribed in this Chapter, after the cause of action has accrued, except where in special cases a different limitation is prescribed by statute.") Generally, a cause of action accrues and the statute of limitations begins to run as soon as the right to institute and maintain a suit arises. *Penley v. Penley*, 314 N.C. 1, 20, 332 S.E.2d 51, 62 (1985). "[A]s soon as the injury becomes apparent to the claimant or should reasonably become apparent, the cause of action is complete and the limitation period begins to run. It does not matter that further damage could occur; such further damage is only aggravation of the original injury." *Pembee Mfg. Corp. v. Cape Fear Const. Co.*, 313 N.C. 488, 493, 329 S.E.2d 350, 354 (1985). In an action for breach of contract, the statute begins to run on the date the promise is broken. *Penley*, 314 N.C. at 20, 332 S.E.2d at 62. *See also* 18 Samuel Williston, *A Treatise on the Law of Contracts* § 2021A (3d ed. 1978) ("The general rule governing the commencement of the running of the Statute is that the statutory

period is computed from the time when the right of action which the plaintiff seeks to enforce first accrued, that is . . . as soon as there is a breach of contract.")

Based on the foregoing principles, we conclude plaintiffs' claims are barred by the statute of limitations. Plaintiffs' cause of action accrued on 4 June 1992, the day the City Council passed the resolution freezing the amount of longevity pay and breached their contracts with plaintiffs, despite the fact that the 1966 ordinance imposed on the City the obligation to make increased payments in accordance with the schedule contained in that ordinance. We do not consider the subsequent refusals of the City to pay additional amounts to those plaintiffs reaching greater increments of service as a series of multiple breaches. The effect of the subsequent refusals "is only aggravation of the original injury." *Pembee Mfg. Corp.*, 313 N.C. at 493, 329 S.E.2d at 354. Because plaintiffs were entitled to maintain an action for breach of contract on 4 June 1992, they were required by N.C. Gen. Stat. § 1-53(1) to file this action within two years of that date.

Plaintiffs cite several cases in support of their argument that the facts of the instant case present multiple breaches of contract, with each breach triggering a new statute of limitations period. Plaintiffs first cite the portion of *Haywood Street Redevelopment Corp. v. Peterson, Co.*, 120 N.C. App. 832, 463 S.E.2d 564 (1995), *disc. review denied*, 342 N.C. 655, 467 S.E.2d 712 (1996), dealing with an express warranty claim. In *Haywood*, defendant contracted with plaintiff to install a waterproofing surface on plaintiff's parking deck and provided plaintiff a written express warranty on the waterproofing extending from 15 June 1988 until 15 March 1993. *Id.* at 834, 463 S.E.2d at 565. This Court held that "the warranty was a guarantee that the waterproofing would be free of defects through 15 March 1993 and on each day the waterproofing was not free of defects, there was a new breach of the agreement. With the occurrence of each breach, a new cause of action accrued." *Id.* at 836-37, 463 S.E.2d at 567. We do not believe *Haywood* controls the instant case, as *Haywood* involves a breach of warranty claim and not a breach of contract claim. In fact, this Court affirmed the trial court's dismissal of plaintiff's breach of contract claim in *Haywood* as being barred by the statute of limitations. *Id.* at 836, 463 S.E.2d at 566. Further, plaintiff brought its action for breach of warranty while the express warranty was still in effect. Thus, *Haywood* does not support the conclusion that multiple breaches of contract occurred in the instant case.

Plaintiffs next cite *Martin v. Ray Lackey Enterprises*, 100 N.C. App. 349, 396 S.E.2d 327 (1990) to support their theory of multiple breaches of contract in the case at bar. In *Martin*, plaintiff leased certain property to defendants to be used as a restaurant. *Id.* at 351, 396 S.E.2d at 329. The lease provided that defendant was required to "pay and discharge . . . all real estate taxes and assessments levied upon and assessed against the premises. . . ." *Id.* Plaintiff subsequently filed an action against defendants for allegedly breaching the lease by failing to pay the real estate taxes as they became due. *Id.* Defendants raised the statute of limitations as a defense. *Id.* at 356, 396 S.E.2d at 332. On appeal, we noted that "[g]enerally, where obligations are payable in installments, the statute of limitations runs against each installment independently as it becomes due[,]" and held that since defendants' tax obligation became due on an annual basis, the statute of limitations ran independently on each annual default. *Id.* at 357-58, 396 S.E.2d at 332. However, we also noted the language of the lease made clear the "intent of the parties was that breach would occur when the lessee failed to pay the real estate taxes levied against the property as they came due." *Id.* at 354, 396 S.E.2d at 331. In the instant case there is no express language defining what constitutes a breach of the parties' agreement. We therefore do not find *Martin* instructive.

Finally, plaintiffs cite *U.S. Leasing Corp. v. Everett, Creech, Hancock and Herzig*, 88 N.C. App. 418, 363 S.E.2d 665, *disc. reviews denied*, 322 N.C. 329, 369 S.E.2d 364 (1988), in support of their argument that multiple breaches have occurred in the instant case. In *U.S. Leasing Corp.*, plaintiff alleged it leased office equipment to a law firm and that the firm defaulted in making payments under the lease agreement, which provided for 60 monthly payments. *Id.* at 422, 363 S.E.2d at 667. Plaintiff filed an action against several defendants for breach of contract, but the trial court dismissed the action against three defendants as being barred by the statute of limitations. *Id.* at 421, 363 S.E.2d at 666. We noted that "[t]he general rule in the case of an obligation payable by installments is that the statute of limitations runs against each installment individually from the time it becomes due . . . ." and held that each payment required by the agreement was a debt which renewed the statute of limitations as to that payment. *Id.* at 426, 363 S.E.2d at 669. However, we observed that a provision in the parties' agreement expressly allowed plaintiff "to seek recovery of each payment as it became due." *Id.* at 427, 363 S.E.2d at 669. Because there is no express provision in the contracts in the case *sub*

*judice* allowing plaintiffs to seek recovery of each longevity payment as it became due, we do not find *U.S. Leasing Corp.* controlling.

The City argues that *Faulkenbury v. Teachers' & State Employees' Retirement System*, 108 N.C. App. 357, 424 S.E.2d 420, *aff'd per curiam*, 335 N.C. 158, 436 S.E.2d 821 (1993) (*Faulkenbury I*), is analogous to the instant case and supports the dismissal of plaintiffs' claims as being barred by the statute of limitations. Plaintiffs respond that *Faulkenbury v. Teachers' and State Employees' Ret. Sys.*, 345 N.C. 683, 483 S.E.2d 422 (1997) (*Faulkenbury II*) is more comparable to the instant case than *Faulkenbury I* and supports the argument of multiple breaches of their employment contracts, with each breach triggering a new statute of limitations period.

In *Faulkenbury I*, plaintiff Dorothy M. Faulkenbury alleged she was a disability retired schoolteacher who retired in 1983 and was a vested member of the Teachers' and State Employees' Retirement System of North Carolina eligible for a disability retirement pension. 108 N.C. App. at 362, 424 S.E.2d at 421-22. She further alleged that statutory changes made in 1982 to the method of calculation of disability retirement benefits caused underpayments in her benefits and the benefits of those similarly situated. *Id.* at 362-63, 424 S.E.2d at 422. Plaintiff had filed suit against several parties, including the State and the Teachers' and State Employees' Retirement System, alleging that the statutory modification of the calculation of disability retirement benefits violated their due process and equal protection rights under 42 U.S.C. § 1983, constituted an unconstitutional impairment of the obligations of contracts under Art. I, § 10 of the United States Constitution, and constituted a breach of fiduciary duty. *Id.* at 363, 424 S.E.2d at 422. The trial court subsequently certified the action as a class action. *Id.* Plaintiffs sought a declaratory judgment stating that the statutory modification was unconstitutional as applied and that they were entitled to receive benefits calculated under the previous method of calculation. *Id.* The trial court denied defendants' motions to dismiss the complaint. *Id.* at 365, 424 S.E.2d at 423.

On appeal, this Court reversed the trial court's denial of defendants' motion to dismiss plaintiffs' 42 U.S.C. § 1983 claims and held that the statute of limitations had expired. *Id.* at 369, 424 S.E.2d at 426. Plaintiffs had argued that each monthly disability payment after the statutory modification constituted a separate violation of 42 U.S.C. § 1983, and that since the violations were ongoing, the three-

year statute of limitations applicable to section 1983 claims had not expired when plaintiffs commenced their action. *Faulkenbury*, 108 N.C. App. at 368, 424 S.E.2d at 425. In holding that the continuing violation doctrine did not apply to that case, we observed:

> While we acknowledge that the distinction between on-going violations and continuing <u>effects</u> of an initial violation is subtle, we are of the opinion that this case demonstrates the latter. Here the plaintiffs suffer from the continuing effects of the defendants' original action of amending the statute. We do not believe that each payment constitutes a discriminatory act rising to the level of a violation.

*Id.* at 369, 424 S.E.2d at 425. We then went on to affirm the trial court's denial of defendants' motion to dismiss plaintiffs' impairment of contract claim on the basis of the statute of limitations, since defendants did not address the statute of limitations issue with respect to that claim and the argument was therefore deemed abandoned. *Id.* at 372, 424 S.E.2d at 427. On remand, the trial court found that the change in the method of calculating plaintiffs' disability retirement benefits impaired the obligations of a contract in violation of Art. I, § 10 of the United States Constitution. *Faulkenbury*, 345 N.C. at 689, 483 S.E.2d at 426.

On the second appeal (*Faulkenbury II*), defendants argued that the trial court erroneously held the applicable statutes of limitation for plaintiffs' impairment of contract claim were N.C. Gen. Stat. § 128-27(i) (1995) and N.C. Gen. Stat. § 135-5(n) (1995). *Faulkenbury*, 345 N.C. at 694, 483 S.E.2d at 429. These sections contain identical provisions and provide that:

> No action shall be commenced against the State or the Retirement System by any retired member or beneficiary respecting any deficiency in the payment of benefits more than three years after such deficient payment was made, and no action shall be commenced by the State or the Retirement System against any retired member or former member or beneficiary respecting any overpayment of benefits or contributions more than three years after such overpayment was made.

N.C. Gen. Stat. § 128-27(i) (local government employees); N.C. Gen. Stat. § 135-5(n) (state government employees). Defendants further argued that plaintiffs were not suffering from a continuing wrong, that if there was a wrong, it occurred when plaintiffs retired and were

paid less than they would have been before the statutory modification. As a result, defendants argued that all claims arising more than three years before the filing of the action were barred by the three-year statute of limitations set forth in N.C. Gen. Stat. § 1-52(1). *Faulkenbury*, 345 N.C. at 695, 483 S.E.2d at 429.

Our Supreme Court, in *Faulkenbury II*, held that the reductions in plaintiffs' disability payments under the new method of calculation "were deficiencies which have continued to the present time." *Id.* The Court further held that N.C. Gen. Stat. § 128-27(i) and N.C. Gen. Stat. § 135-5(n) were applicable to the case and that these sections specifically allowed plaintiffs to pursue claims for underpayments for three years prior to the commencement of their action. *Id.* at 695, 483 S.E.2d at 429-30.

We believe both *Faulkenbury I* and *II* are distinguishable from the instant case. First, *Faulkenbury I* deals with the statute of limitations in terms of a section 1983 claim brought on due process and equal protection grounds, and *Faulkenbury II* deals with the statute of limitations in terms of an impairment of contract claim pursuant to Art. I, § 10 of the United States Constitution. Each of these types of claims differs significantly from the common law breach of contract claim brought by plaintiffs in the instant case. *See Stewart v. Hunt*, 598 F. Supp. 1342, 1353 (E.D.N.C. 1984) ("§ 1983 imposes liability solely for violations of rights protected by the Constitution and federal law, not for violations arising simply out of state tort and contract law principles[]"); *Faulkenbury*, 108 N.C. App. at 372, 424 S.E.2d at 427 ("Plaintiffs allege and make a valid claim for a constitutional impairment of contract claim, not a common law breach of contract. There is a distinct difference between these two causes of action.")

An additional factor distinguishes *Faulkenbury II* from the instant case: the existence of N.C. Gen. Stat. § 128-27(i) and N.C. Gen. Stat. § 135-5(n), both statutes of limitation explicitly triggered by deficient periodic payments. These statutes, which allow retired members or beneficiaries of the Retirement System to bring an action for deficient payment within three years of underpayment, contemplate that each deficient payment will trigger a new statute of limitations period. In the instant case, the applicable statute of limitations, N.C. Gen. Stat. § 1-53(1), mandates that an action for breach of contract against a local government be brought within two years of the accrual of the cause of action; it does not provide for or address any periodic obligation. As mentioned previously, plaintiffs' cause of

action against the City accrued the day the City Council passed the resolution freezing the amount of plaintiffs' longevity pay. Once plaintiffs' cause of action accrued, plaintiffs had two years within which to file suit. Since they failed to do so, their action is barred by the statute of limitations.

For the above reasons, we conclude the trial court properly granted the City's motion to dismiss.

Affirmed.

Judges MARTIN, John C., and JOHN concur.