ABL PLUMBING AND HEATING CORPORATION, Plaintiff-Appellant v. BLADEN COUNTY BOARD OF EDUCATION, and SHULLER FERRIS LINDSTROM & ASSOCIATES, Defendants-Appellees

No. COA05-14

(Filed 20 December 2005)

## 1. Statutes of Limitation and Repose— contract claim by subcontractor—accrual

A contract claim by a subcontractor accrued when plaintiff became aware of its injury and was barred by the statute of limitations. Plaintiff's policy argument for changing the accrual date to substantial completion is better addressed to the General Assembly.

**2. Warranties— breach of implied warranty claim by subcontractor—statute of limitations—accrual of claim**

> Any damage suffered after the accrual of a plumbing subcontractor's claim for breach of implied warranty merely aggravated the original injury, and the statute of limitations barred the claim.

Appeal by plaintiff from order dated 27 October 2004 by Judge Ola M. Lewis in Superior Court, Bladen County. Heard in the Court of Appeals 14 September 2005.

> *Safran Law Offices, by Perry R. Safran and Brian J. Schoolman, for plaintiff-appellant.*

> *Tharrington Smith, L.L.P., by Michael Crowell and Rod Malone, for defendant-appellee Bladen County Board of Education.*

> *Womble Carlyle Sandridge & Rice, PLLC, by Matthew S. Healey, and Allison B. Schafer for the North Carolina School Board Association; and James B. Blackburn for the North Carolina Association of County Commissioners, amicus curiae.*

McGEE, Judge.

ABL Plumbing & Heating Corporation (plaintiff) entered into a contract with the Bladen County Board of Education (the Board of Education) on 15 December 1999. Under the contract, plaintiff agreed to perform plumbing work on the East Bladen High School construction project (the project) for the Board of Education. Sigma Construction Company (Sigma) was the original general contractor for the project. Shuller Ferris Lindstrom & Associates (Shuller) was the architect for the project and the Board of Education's representative throughout the project.

Sigma filed a petition in bankruptcy and defaulted on its obligations as general contractor on 1 March 2001. The Board of Education declared Sigma to be in default in April 2001. Plaintiff continued to work on the project through 13 April 2001, when the Board of Education halted work on the project. Plaintiff submitted its first claim to the Board of Education on 24 April 2001 in the amount of $223,252.37. The claim was for damages allegedly suffered as a result of Sigma's default and was to be submitted to Sigma's surety. Plaintiff did not receive a response to its claim.

The Board of Education directed plaintiff to resume work on the project on 11 June 2001. However, plaintiff informed the Board of

Education on 18 June 2001 that it would not resume work until issues concerning "the job completion date, schedule and change order amount for damages incurred" by plaintiff were resolved by the Board of Education or by Sigma's surety.

Plaintiff and the Board of Education entered into a remobilization agreement on 31 July 2001. The remobilization agreement stated that "[plaintiff] intend[ed] to file a claim against [the Board of Education] regarding the alleged damages" incurred by plaintiff "as a result of Sigma's default on the [p]roject and the subsequent suspension of work." Paragraph seven of the remobilization agreement specified that if plaintiff wished to pursue a claim related to Sigma, it would submit a formal claim to the Board of Education by 31 August 2001. The remobilization agreement also provided that "[t]his agreement shall not be construed as a release of any claims or defenses [the Board of Education] and [plaintiff] have or may have in the future relating to damages incurred on the [p]roject." Plaintiff resumed work on the project in August 2001.

Plaintiff submitted a second claim to the Board of Education in the amount of $261,456.83, on 31 August 2001. The amount of plaintiff's 31 August 2001 claim differed in amount from the 24 April 2001 claim. However, the categories of the damages in the two claims were the same. The Board of Education rejected plaintiff's second claim on 28 September 2001.

Plaintiff filed a complaint on 26 August 2003 alleging various claims against the Board of Education and Shuller. However, plaintiff voluntarily dismissed its claims against Shuller on 28 October 2004.

Plaintiff alleged the Board of Education breached its contract with plaintiff by failing to properly supervise Sigma. Specifically, plaintiff alleged that

> [the Board of Education] and Shuller . . . were aware that [Sigma] was in breach of its contract with [the Board of Education] and that said breach included but was not limited to abandoning the project schedule, performance of its work without plan or coordination, and the presence of project-wide evidence of defective workmanship.

Plaintiff further alleged "[the Board of Education] and Shuller . . . failed to respond to [Sigma's] Breach of Contract in a timely manner by allowing [Sigma's] material breach to continue." Plaintiff also alleged the Board of Education breached its contract

by failing to pay the contract balance to plaintiff in June 2002. Plaintiff also alleged that "[p]rior to and after [Sigma's] bankruptcy filing, the [Board of Education] . . . failed to adequately monitor the project's progress. . . . Such failures includ[ed] . . . [a] failure to provide adequate contract drawings and specifications." Accordingly, plaintiff alleged that the Board of Education breached an implied warranty because the "drawings, plans, specifications and bidding documents furnished by [the Board of Education] were not sufficient for their intended purpose."

The Board of Education filed a motion for summary judgment dated 15 October 2004. In support of its motion, the Board of Education argued, *inter alia*, that plaintiff's claims were barred by the applicable statute of limitations. The trial court granted partial summary judgment for the Board of Education on plaintiff's breach of contract claim. The trial court noted that "[w]ith respect to Plaintiff's Breach of Contract Claim, the sole issue remaining for trial [was] whether Plaintiff [was] entitled to its contract balance." The trial court granted summary judgment for the Board of Education on plaintiff's entire breach of warranty claim. Plaintiff appeals.

I.

[1] Plaintiff argues the trial court erred in granting partial summary judgment for the Board of Education on plaintiff's breach of contract claim to the extent the trial court ruled that plaintiff's claim was barred by the applicable statute of limitations. The parties do not dispute the applicable statute of limitations period was two years. *See* N.C. Gen. Stat. § 1-53(1) (2003) (stating that a two-year limitations period applies to "[a]n action against a local unit of government upon a contract, obligation or liability arising out of a contract, express or implied"). The parties disagree as to the accrual date of plaintiff's breach of contract claim.

Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c) (2003). On an appeal from a grant of summary judgment, our Court must determine "whether there is any genuine issue of material fact and whether the moving party is entitled to a judgment as a matter of law." *Bruce-Terminix Co. v. Zurich Ins. Co.*, 130 N.C. App. 729, 733, 504 S.E.2d 574, 577 (1998). We must view the evidence in the light most favorable to the

nonmoving party. *Id.* If a plaintiff's claim is barred by the running of the applicable statute of limitations, summary judgment in favor of a defendant is appropriate. *McCutchen v. McCutchen*, 170 N.C. App. 1, 5, 612 S.E.2d 162, 165 (2005).

It is a well-settled rule in North Carolina that a cause of action for breach of contract accrues, and the statute of limitations period begins to run, "[a]s soon as the injury becomes apparent to the claimant or should reasonably become apparent[.]" *Liptrap v. City of High Point*, 128 N.C. App. 353, 355, 496 S.E.2d 817, 819, *disc. review denied*, 348 N.C. 73, 505 S.E.2d 873 (1998) (citing *Pembee Mfg. Corp. v. Cape Fear Constr. Co.*, 313 N.C. 488, 493, 329 S.E.2d 350, 354 (1985)). Further damage incurred after the date of accrual is only an aggravation of the original injury and does not restart the statutory limitations period. *Id.*

Plaintiff asks this Court to adopt a new rule applicable to actions on construction contracts, under which a cause of action would not accrue until substantial completion of performance. Plaintiff cites public policy reasons for this requested change. Specifically, plaintiff argues that a change in the accrual date of actions on construction contracts would encourage completion of construction projects and avoid abandonment and litigation. Plaintiff also argues that a change in the law would encourage nonjudicial resolutions of controversies. However, plaintiff's policy arguments are more appropriately addressed to the General Assembly.

In the present case, plaintiff claimed the Board of Education breached its contract with plaintiff as a result of the Board of Education's failure to adequately supervise Sigma. Sigma defaulted on its obligations as general contractor for the project on 1 March 2001. Therefore, any breach of contract arising out of Sigma's actions or omissions should have accrued by 1 March 2001. Also, the record tends to show that plaintiff was aware of its injury at least by 24 April 2001 when plaintiff submitted its first claim to the Board of Education for damages allegedly suffered as a result of Sigma's default. Accordingly, plaintiff's cause of action for breach of contract accrued at the latest by 24 April 2001. Any subsequent damage allegedly suffered by plaintiff merely aggravated plaintiff's original injury. *See Liptrap*, 128 N.C. App. at 355, 496 S.E.2d at 819. Because plaintiff did not file its action until 26 August 2003, plaintiff's breach of contract claim was barred by the applicable two-year statute of limitations. Accordingly, the trial court did not err in granting partial summary judgment for the Board of Education. Be-

**ABL PLUMBING & HEATING CORP. v. BLADEN CTY. BD. OF EDUC.**

[175 N.C. App. 164 (2005)]

cause we hold that plaintiff's claim was statutorily barred, we need not address the other potential grounds for the trial court's grant of partial summary judgment.

## II.

[2] Plaintiff also argues the trial court erred by granting summary judgment for the Board of Education on plaintiff's breach of warranty claim. "[A] construction contractor who has followed plans and specifications furnished by the owner, or his architect or engineer, will not be responsible for consequences of defects in those plans or specifications." *Gilbert Engineering Co. v. City of Asheville*, 74 N.C. App. 350, 362, 328 S.E.2d 849, 857, *disc. review denied*, 314 N.C. 329, 333 S.E.2d 485 (1985). The rationale for the rule is that "there is an implied warranty by the owner that the plans and specifications are suitable for the particular purpose, and that if they are complied with[,] the completed work will be adequate to accomplish the intended purpose." *Id.* at 363, 328 S.E.2d at 857. A party asserting such a claim must show that "the plans and specifications were adhered to, that they were defective, and that the defects were the proximate cause of the deficiency in the completed work." *Id.*

In *Battle Ridge Cos. v. N.C. Dep't of Transp.*, 161 N.C. App. 156, 160, 587 S.E.2d 426, 429 (2003), *disc. review denied*, 358 N.C. 233, 594 S.E.2d 191 (2004), our Court noted that "plans and specifications constitute 'positive representations upon which [a contractor is] justified in relying.' " *Id.* (quoting *Lowder, Inc. v. Highway Comm.*, 26 N.C. App. 622, 638, 217 S.E.2d 682, 692, *cert. denied*, 288 N.C. 393, 218 S.E.2d 467 (1975)). We further recognized that " 'a contracting agency which furnishes inaccurate information as a basis for bids may be liable on a breach of warranty theory[.]' " *Id.* (quoting *Lowder, Inc.*, 26 N.C. App. at 638, 217 S.E.2d at 692).

In the present case, plaintiff alleged the following:

15. Prior to and after [Sigma's] bankruptcy filing, [the Board of Education] through [its] architect representative, Shuller . . . failed to adequately monitor the project's progress. Such failures include, but were not limited, to: failure to timely review change orders, failure to monitor project progression, and failure to provide adequate contract drawings and specifications. All such failures of [the Board of Education] operated to hinder the work of [plaintiff] on the [p]roject.

. . . .

37. [The Board of Education] had a duty to provide [p]laintiff . . . with drawings, plans, specification[s], bidding documents and other information free of defects and omissions. [Plaintiff] was entitled to rely and did rely upon the adequacy of the bidding documents, plans and specification[s]. The drawings, plans, specifications and bidding documents furnished by [the Board of Education] were not sufficient for their intended purpose.

38. [The Board of Education], despite [its] awareness that the Designer/Engineer failed to perform his contract, failed to make allowances to [plaintiff] and has unreasonably and unjustly failed to extend the time for [plaintiff's] performance on the contract and provide payment for [plaintiff's] expenses suffered on the project.

39. As a result of the above mentioned defects and omissions, [the Board of Education] breached its duty and as a result of said breach of warranty, [p]laintiff . . . has incurred costs and expenses and has been damaged in an amount in excess of Ten Thousand Dollars ($10,000.00) in an amount to be proven at trial at the highest interest rate allowed by law with interest accruing from the date of breach, plus court costs and attorneys' fees where applicable.

Assuming *arguendo*, without deciding, that plaintiff stated a claim for breach of an implied warranty of plans and specifications, plaintiff's claim was barred by the applicable statute of limitations. Plaintiff's breach of warranty claim was also governed by a two-year statute of limitations period pursuant to N.C.G.S. § 1-53(1) because the claim was "[a]n action against a local unit of government upon a contract, obligation or liability arising out of a contract, express or implied." As we noted earlier, a cause of action accrues, and the statute of limitations period begins to run, when a plaintiff is, or should have been, aware of its injury. *Liptrap*, 128 N.C. App. at 355, 496 S.E.2d at 819. Further damage incurred after the accrual of a cause of action only aggravates the original injury and does not restart the running of the statutory limitations period. *Id.*

Plaintiff alleged in its complaint that its breach of warranty claim arose out of alleged deficiencies in the "drawings, plans, specifications and bidding documents" provided to plaintiff by the Board of Education. The record includes only the original plans set forth in

the 15 December 1999 contract. The record shows that plaintiff was aware of its injury at least by 24 April 2001 when plaintiff submitted its first claim to the Board of Education. Accordingly, plaintiff's cause of action for breach of warranty accrued by 24 April 2001. Any damage allegedly suffered by plaintiff after that date merely aggravated plaintiff's original injury. *See Liptrap*, 128 N.C. App. at 355, 496 S.E.2d at 819. However, plaintiff did not file its complaint until 26 August 2003, more than two years after plaintiff's cause of action had accrued. Therefore, the trial court properly granted summary judgment for the Board of Education on the ground that plaintiff's breach of warranty claim was statutorily barred, and we overrule these assignments of error.

Affirmed.

Judges McCULLOUGH and JACKSON concur.