LUDLUM v. STATE

[227 N.C. App. 92 (2013)]

CHAUNCEY ANDREW LUDLUM, Plaintiff

v.

STATE OF NORTH CAROLINA, and its AGENTS REUBEN YOUNG, SECRETARY OF
PUBLIC SAFETY, and JANET COWELL, STATE TREASURER, Defendants

No. COA12-1398

Filed 7 May 2013

**Statutes of Limitation and Repose—declaratory judgment—non-payment of retirement benefits**

The trial court did not err in a declaratory judgment action involving the State's refusal to pay plaintiff's retirement benefits by dismissing plaintiff's complaint. Plaintiff's action was barred by the three-year statute of limitations and the doctrine of continuing wrong was inapplicable.

Appeal by plaintiff from order entered 29 May 2012 by Judge Douglas B. Sasser in Bladen County Superior Court. Heard in the Court of Appeals 28 March 2013.

*H. Clifton Hester, Hester, Grady & Hester, PLLC, for defendant.*

*Attorney General Roy Cooper, by Special Deputy Attorney General Hal F. Askins, for the State.*

ELMORE, Judge.

Chauncey Andrew Ludlum (plaintiff) appeals from an order entered 29 May 2012, dismissing his complaint. After careful consideration, we conclude that plaintiff's action is barred by the applicable statute of limitations. We therefore affirm the trial court's order dismissing plaintiff's complaint.

## I. Background

Plaintiff is a former member of the North Carolina National Guard (NCNG). As of April 1997, plaintiff had accrued over 17 years of service toward the 20 years necessary for retirement benefits under state and federal law. That same year, plaintiff alleges that the North Carolina Army Reserve National Guard (NCARNG) was advising certain service members that had accrued at least 15 but not 20 years of service of a new retirement program. Under the new program, identified as the "Retired Reserve," an eligible member could opt to end their service

with the National Guard early, and upon reaching age 60, apply for a certain reduced amount of retirement benefits. Plaintiff opted to transfer to the new status under the program and was, thereafter, discharged form the NCNG on 15 October 1997.

On 12 June 2008 plaintiff reached age 60. Earlier that year, on 17 January 2008, in anticipation of his new eligibility, plaintiff applied for his retirement benefits under the NCARNG "Retired Reserve" program. On 5 August 2008, the State advised plaintiff that his application for benefits would be denied because he had not accrued the necessary 20 years of service as required under N.C. Gen. Stat. § 127A-40.

On 18 January 2012, plaintiff filed a complaint with the trial court, and the complaint was amended on 3 February 2012. Plaintiff's complaint asked the trial court for declaratory relief and a determination that plaintiff was deprived of a contractual and statutory right when the NCARNG denied him benefits under the "Retired Reserve" program.

The State successfully moved to dismiss the lawsuit pursuant to Rule 12(b)(6), under the theory that the cause of action was time-barred by the 3-year statute of limitations. Following a hearing on the State's motion to dismiss, the trial court entered an order of dismissal on 29 May 2012. Plaintiff now appeals.

## II. Analysis

Plaintiff presents a single argument on appeal: that the trial court erred in granting the State's motion to dismiss because the 3-year statute of limitations has been continuously triggered each time the State failed to pay plaintiff benefits under the "Retired Reserve" program, and therefore has not expired his claim. We disagree.

This Court reviews an order dismissing a claim under 12(b)(6) *de novo*. "This Court must conduct a *de novo* review of the pleadings to determine their legal sufficiency and to determine whether the trial court's ruling on the motion to dismiss was correct." *Leary v. N.C. Forest Prods., Inc.*, 157 N.C. App. 396, 400, 580 S.E.2d 1, 4, *aff'd per curiam*, 357 N.C. 567, 597 S.E.2d 673 (2003).

Plaintiff's claims are brought under the Declaratory Judgment Act, N.C. Gen. Stat. § 1-253. The Declaratory Judgment Act provides, in pertinent part, that "[a]ny person interested under a . . . written contract . . . or whose rights . . . are affected by a statute . . . may have determined any question of construction or validity arising under the instrument [or] statute . . . and obtain a declaration of rights, status, or other legal relations thereunder." N.C. Gen. Stat. § 1-254.

Plaintiff's claims were properly dismissed under the Act if the statute of limitations bars any claim, because "jurisdiction under the Declaratory Judgment Act may be invoked only in a case in which there is an actual or real existing controversy between parties having adverse interests in the matter in dispute." *State ex rel. Edmisten v. Tucker*, 312 N.C. 326, 338, 323 S.E.2d 294, 303 (1984) (citations omitted). Therefore, if the statute of limitations was properly applied to plaintiff's underlying claims, no relief can be afforded under the Declaratory Judgment Act.

In his complaint, plaintiff alleges that 1) the State violated an agreement with the plaintiff when it failed to award him retirement benefits, and 2) the State violated N.C. Gen. Stat. § 127A-40 when it failed to apply the NCARNG "Retired Reserve" program to his eligibility for retirement benefits. Plaintiff's contentions, at least with regard to his breach of contract claim, appear consistent with his discharge orders, which read "[y]ou are transferred to the Retired Reserve until you reach age 60, at which time you will be placed on the retired list and will be eligible to receive retirement pay and benefits."

Assuming plaintiff has alleged a proper violation of the State's promise to pay some amount of retirement benefits, he is outside the 3-year window in which he must bring the claim. "The statute of limitations for a breach of contract action is three years. The claim accrues at the time of notice of the breach." *Henlajon, Inc. v. Branch Highways, Inc.*, 149 N.C. App. 329, 335, 560 S.E.2d 598, 603 (2002). Plaintiff alleged that he was on notice of the State's refusal to pay on 5 August 2008. Plaintiff filed his lawsuit on 18 January 2012. Plaintiff let approximately 3 years, 5 months, and 13 days pass before filing. Therefore, his claim is barred.

The result is the same even if plaintiff's theory of liability is born out of a violation of N.C. Gen. Stat. § 127A-40. Under our General Statutes, a party's claims are also limited to a 3-year window when brought "[u]pon a liability created by statute, either state or federal[.]" N.C. Gen. Stat. § 1-52(2).

Plaintiff's only theory to avoid this result is that his initial notice of denial on 5 August 2008 did not begin the running of the limitation period on his claim because of the "continuing wrong" doctrine articulated by our Supreme Court in *Faulkenbury v. Teachers' & State Employees' Ret. Sys. of N. Carolina*, 345 N.C. 683, 483 S.E.2d 422 (1997). Under this theory, plaintiff argues, the continuous failure to pay benefits has constituted a continuing wrong, and not a single violation of which the future failure to pay relates back.

However, as the State correctly points out, this Court's holding in *Liptrap v. City of High Point* clarified the *Faulkenberry* holding regarding the applicable statute of limitations. In *Liptrap*, this Court noted that the 3 year statute of limitations under N.C. Gen. Stat. § 1-53 (claims for breach of contract) were distinguishable from the more specific limitations in N.C. Gen. Stat. § 128-27 and § 135-5 (as used in *Faulkenbury*) because those provisions specifically mention triggering by periodic payments. *Liptrap*, 128 N.C. App. 353, 360, 496 S.E.2d 817, 822 (1998). Here, as in *Liptrap*, plaintiff sought a declaration that he was owed any benefits at all, not that he has missed payments every month triggering perpetually new statutes of limitation. Because plaintiff waited too long to file his claim, he is barred from a determination that he is owed any benefits at all, and, accordingly, any application of the continuing wrong doctrine would be inappropriate in this case.

We therefore affirm the order of the trial court dismissing plaintiff's claims.

Affirmed.

Judges STEELMAN and STROUD concur.